## HUDSON ET AL. *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 307.   Argued October 21, 1926.—Decided November 22, 1926.

After accepting a plea of *nolo contendere* to an indictment charging an offense punishable by imprisonment, or fine, or both, a federal court may impose a prison sentence.   P. 451.

9 F. (2d) 825, affirmed.

CERTIORARI (271 U. S. 652) to a judgment of the Circuit Court of Appeals affirming sentences of imprisonment imposed, on pleas of *nolo contendere,* in a prosecution for conspiracy to use, and for using, the mails to defraud.

*Mr. B. B. McGinnis,* with whom *Mr. Frank P. Patterson* was on the brief, for the petitioners, submitted.

*Mr. Charles Bunn,* Special Assistant to the Attorney General, with whom *Solicitor General Mitchell* was on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioners were indicted in the District Court for western Pennsylvania for conspiracy to use and for using the mails to defraud, crimes punishable by fine or imprisonment or both (§§ 37, 215, Criminal Code).   On pleas of *nolo contendere* they were sentenced to imprisonment for one year and one day.   The conviction and sentence were affirmed by the Court of Appeals for the Third Circuit. 9 Fed. (2d) 825.   The case is here on certiorari.   271 U. S. 652, Jud. Code, § 240(a), as amended.

The sole question raised by the assignment of error is whether a United States court, after accepting a plea of *nolo contendere,* may impose a prison sentence.   It is the contention of petitioners that the plea in effect is conditioned upon the imposition of a lighter penalty; that

therefore the court may not accept the plea to an indictment charging a crime punishable by imprisonment only, and if accepted where the crime is punishable by imprisonment or fine, or both, it may not accept the plea and ignore the condition by imposing a prison sentence. This contention is supported by *Tucker* v. *United States* (C. C. A. 7th), 196 Fed. 260; *Shapiro* v. *United States* (C. C. A. 7th), 196 Fed. 268; *Blum* v. *United States* (C. C. A. 7th), 196 Fed. 269; in which sentences of imprisonment on the plea of *nolo contendere* were set aside. But in *United States* v. *Lair* (C. C. A. 8th), 195 Fed. 47, *habeas corpus* was denied a prisoner confined for a two-year term upon this plea, but the objection pressed here apparently was neither raised nor considered. The state courts have rejected the contention when made.[1]

The use of the plea in the federal courts and the propriety of imposing a prison sentence upon it are recognized by the Probation Act; March 4, 1925, c. 521, 43 Stat. 1259. Section 1 of that Act provides for the suspension of sentence and the release of the prisoner on probation " after

---

[1] The precise question has rarely been raised. The contention now considered was explicitly rejected in *Commonwealth* v. *Ferguson*, 44 Pa. Sup. Ct. 626. In most cases, however, the courts have ordered imprisonment on pleas of *nolo contendere* without discussing the matter. *Commonwealth* v. *Holstine*, 132 Pa. 357; *State ex rel. Peacock* v. *Judges*, 46 N. J. L. 112; *Philpot* v. *State*, 65 N. H. 250; *In re Lanni* 131 Atl. 927. *State* v. *Burnett*, 174 N. C. 796, may be cited as more than inferentially recognizing the power to impose a prison sentence since the court expressly considered its authority to order imprisonment, after having granted a suspended sentence upon this plea. The plea has of course been received in prosecutions for offenses punishable by fine only, without any intimations being made that its use is restricted to such cases, *Young* v. *People*, 53 Colo. 251; *State* v. *Hopkins*, 4 Boyce 306; and accepted on charges punishable by both fine and imprisonment and a fine only imposed. *Williams* v. *State*, 130 Miss. 827. In Illinois, Indiana, and Minnesota the plea is not allowed. See *People* v. *Miller*, 264 Ill. 148, 154; *Mahoney* v. *State* (Ind.), 149 N. E. 444, 447; *State* v. *Kiewel* (Minn.), 207 N. W. 646, 647.

conviction, or after a plea of guilty or *nolo contendere* for any crime or offense not punishable by death or life imprisonment."

The plea of *nolo contendere* was known to the common law, and is referred to, although not by name, by a modern English text writer. See Archbold's Pleading, Evidence and Practice in Criminal Cases (26th ed. 1922) 379. But no example of its use in the English courts has been found since the case of *Queen* v. *Templeman,* decided in 1702, 1 Salk. 55, where, although a fine was imposed, the question now under consideration was neither decided nor discussed.

The view of the court in the *Tucker* case that a prison sentence may not be imposed on the plea of *nolo contendere* rests upon no more substantial basis than a possibly ambiguous phrase in a passage from Hawkins, Pleas of the Crown, 8th ed., Book 2, ch. 31, 466. The author prefaces the chapter, " Of Confessions and Demurrer," with the remark "And now I am to consider what is to be done to a prisoner upon his confession; which may be either Express or Implied." In §§ 1 and 2, he points out that a confession of guilt " carries with it so strong a presumption of guilt, that an entry on record, *quod cognovit indictamentum,* etc., in an indictment of trespass, estops the defendant to plead ' not guilty ' to an action brought afterwards against him for the same matter." He then says:

" Sec. 3. An implied confession is where a defendant, in a case not capital, doth not directly own himself guilty, but in a manner admits it by yielding to the king's mercy, and desiring to submit to a small fine: in which case, if the court think fit to accept of such submission, and make an entry that the defendant *posuit se in gratiam regis,* without putting him to a direct confession, or plea (which in such cases seems to be left to discretion), the defendant shall not be estopped to plead not guilty to an action for the same fact, as he shall be where the entry is *quod cognovit indictamentum.*"

This passage appears in all the earlier editions of Hawkins. ¯ It has been handed down from generation to generation of text writers in substantially the same form with occasional glosses, but researches rarely went further.[2]  Similarly judicial study of the history of the plea halts with Hawkins.

The author, neither here nor elsewhere, fulfills his promise " to consider what is to be done to a prisoner upon his confession." It is to be noted that this and the preceding sections are directed only to the effect of the confession, whether express or implied, as an estoppel. He does not undertake to state with any certainty the precise effect of the implied confession upon the sentence. Putting oneself on the mercy of the king seems to have been at least an appeal for mercy, and at most a consent

---

[2] Comyns in his " Digest," under Indictment, ch. K, at p. 513 of the 1765 ed., " Confessions," draws the same distinction between the two types of confessions and cites as his sole authority, 9 H. VI, 60. Viner similarly considers the different effects of the pleas as estoppels. (Abridgment, 2nd ed. 1792, Vol. 10, Estoppel, pp. 435–6.) Burn practically quotes Hawkins who is his only authority (Justice of the Peace, 5th ed.. 1758, Confession, 149–150). This passage is still printed in the thirtieth edition of 1869, edited by J. B. Maule. Chitty, relying upon Hawkins, Comyns, Burn, and the case of *Queen* v. *Templeman, supra,* makes no further contribution (The Criminal Law, 1819, Vol. I, p. 431). In Jervis' twelfth edition of Archbold (1853) the effect of the plea upon an indictment for misdemeanor is described, the passage intimating that its only use is in such crimes. No authority for the restriction is offered other than Hawkins, who merely limited the use to " a case not capital." This passage is repeated in all the later editions and is the same as that in the 26th edition already cited. Gabbett, Criminal Law (1843) 320; 1 Colby, Criminal Law (1868) 287; Clark, Criminal Procedure (1895) 374, to cite a few of the standard treatises of that century, with no pretension of completeness, rely upon Hawkins essentially for their historical data. As for the more modern texts, 2 Wharton, Criminal Procedure (10th ed. 1918), § 1346, adds nothing, and 2 Bishop, New Criminal Procedure (2nd ed. 1913), § 802, limits the availability of the plea to light misdemeanors. The encyclopedias and dictionaries go back to Hawkins and indicate the variations of state court decisions.

to be fined if let off with that—not a plea, but a petition, the rejection of which may possibly have required a plea. The text states the rule of law that has never been questioned, that the implied confession, as contrasted to the express confession, does not estop the defendant to plead and prove his innocence in a civil action.

But even if we regard the implied confession as a petition which in Hawkins' time had to be accepted as tendered, in modern practice it has been transformed into a formal plea of *nolo contendere*. Like the implied confession, this plea does not create an estoppel, but, like the plea of guilty, it is an admission of guilt for the purposes of the case. Section 3, it is true, speaks of the defendant's yielding to mercy and his desire " to submit to a small fine "; but even if we assign to these words the more comprehensive meaning suggested, they do not say that the court is bound to yield to the prisoner's petition in fixing sentence, nor do they suggest that the court by accepting a formal plea which admits guilt for the purposes of the case would be bound to yield to its implied appeal for mercy.

The genesis of the phrase " desiring to submit to a small fine," used by Hawkins, indicates unmistakably that its purpose was illustrative only. The authorities cited by Hawkins are Lambard's Eirenarcha, Book 4, ch. 9; 9 H. VI, 60; 11 H. IV 65; 1 Fitzherbert, Gr. Abr., Estoppel, par. 24. The pertinent passage in Lambard is:

". . . as where he putteth himselfe in *Gratiam Reginae, & petit admitti per finem,* without any more, or (by Protestation that he is not guilty) pleadeth his pardon; and such a Confession (if I may so call it) doth not so conclude him, but that he may afterward plead Not guiltie in any Action brought against him . . ." (p. 506.)

The authorities cited, as in Hawkins, are 9 H. VI, 60 and 11 H. IV, 65. In the same chapter, Lambard, in a passage for which no counterpart is found in Hawkins,

unless it be the phrase already considered, queries whether the justices may reject the plea and in consequence "drive the party either to an absolute confession (for increase of the Fine) or to his Traverse, that (failing therein) he may be imprisoned and fined also." But this query leaves it uncertain whether the reduction of sentence following the implied confession is a matter of right upon which the prisoner may insist, or discretionary with the court.

Of the reports from the year books cited both by Hawkins and Lambard, 11 H. IV deals with express confessions. The extract from 9 H. VI is a colloquy between counsel and the court. The translation is printed in the margin.[3] Its effect is that if one, indicted for trespass, has " put himself on the grace of our Lord the King and asked that he might be allowed to pay a fine (*petit se admitti per finem*)," his plea, if accepted, does not estop him from afterwards pleading not guilty. We have here the same illustration used by Hawkins and Lambard properly applied, as the case was one of trespass, but there is no suggestion that would warrant the conclusion that a court, by the mere acceptance of the plea of *nolo contendere,* would be limited to a fine in fixing sentence. Fitzherbert merely digests this year book case. A cita-

---

[3] "WESTON. If one be indicted for Trespass, and he surrenders and pays a fine, will he be permitted afterwards to plead Not Guilty?

"PASTON. (J.) Yes; certainly.

"Which was agreed by all the Court.

"WESTON. It is of record that he admitted it.

"BABBINGTON. If the entry be so, he will be estopped; but the entry is not so, but is thus, that he put himself on the grace of our Lord, the King, and asked that he might be allowed to pay a fine (*petit se admitti per finem*).* Therefore, if one be indicted for felony, and has a charter of pardon, and pleads it, and prays that it be allowed; this does not prove that he is guilty; but the King has excluded himself (from claiming guilty) by his charter. And I and all the Court are against you on this point."

* The folio reads *admittit,* obviously a mistake.

tion to Farresly, 40, added in the later editions of Hawkins, is the case of *Queen* v. *Templeman* in Salkeld to which reference has already been made.

We think it clear, therefore, that the contention now pressed upon us not only fails of support in judicial decisions, other than those of the seventh circuit already noticed, but its historical background is too meager and inconclusive to be persuasive in leading us to adopt the limitation as one recognized by the common law.

Undoubtedly a court may, in its discretion, mitigate the punishment on a plea of *nolo contendere* and feel constrained to do so whenever the plea is accepted with the understanding that only a fine is to be imposed. But such a restriction made mandatory upon the court by positive rule of law would only hamper its discretion and curtail the utility of the plea.

*Judgment affirmed.*