## ROITMAN et al. v. UNITED STATES.
## No. 4321.

Circuit Court of Appeals, Seventh Circuit.

June 13, 1930.

Louis Greenberg, of Chicago, Ill., for appellants.

Joseph A. Struett, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

To a criminal information charging that the defendants had in their possession in violation of the National Prohibition Act certain described property designed for the manufacture of intoxicating liquor intended for use in violating title 2 of the National Prohibition Act (27 USCA § 4 et seq.), the defendants filed a demurrer which the court overruled. Thereupon the defendants entered a plea of nolo contendere. The court then heard evidence offered for the government and for the defendants, and then announced a finding that each of the defendants was guilty, as charged; and, after overruling motions to vacate the finding of guilty, and for new trial, and in arrest of judgment, adjudged them guilty, imposed sentence, and allowed appeal. This practice has been more or less prevalent where it was desired to submit a criminal cause to the court without a jury.

There is here presented a situation strikingly like that in United States v. Norris, 50 S. Ct. 424, 425, 74 L. Ed. 1076, decided by the Supreme Court May 26, 1930, wherein it was said that, "in the face of an indictment good in form and substance, and of a plea thereto of nolo contendere, which * * * has all the effect of a plea of guilty for the purposes of the case," and that "for that case [the plea of nolo contendere] was as conclusive as a plea of guilty would have been." It was also held that the stipulated evidence there received, after plea of nolo contendere, was "ineffective to import an issue as to the sufficiency of the indictment, or an issue of fact upon the question of guilt or innocence."

The only contention urged in appellant's brief is that the section of the National Prohibition Act upon which this information is based is unconstitutional. In view of the recent decision of the Supreme Court in Richbourg Motor Co. et al. v. United States, 50 S. Ct. 385, 74 L. Ed. 1016, May 19, 1930, we need give no consideration to this contention.

In the Norris Case it was said: "If the stipulation be regarded as adding particulars to the indictment, it must fall before the rule that nothing can be added to an indictment without the concurrence of the grand jury by which the bill was found." In the present case the accusation was by an information of the United States attorney. If it may be assumed that sworn testimony presented after the plea of guilty, or its equivalent nolo contendere, may "be regarded as adding particulars to the" *information* (a matter we do not decide), we would have here the further particulars of sale by defendant of a still designed for making whisky—upon representation by Roitman, the main defendant, that it would make whisky—and explicit directions

as to the manner of its use, and the ingredients needed, and the process of making, and pouring from a jug a glass of whisky, which he gave the customer, remarking that with that apparatus just as good whisky could be made; whereupon the still, with other appliances and coloring matter, was sold and delivered to the customer.

The judgments must be, and they are, affirmed.