## FARRINGTON v. KING, Warden.
### No. 12256.

Circuit Court of Appeals, Eighth Circuit.

June 26, 1942.

Charles M. Farrington, of Springfield, Mo., appellant, pro se.

Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The appellant (hereafter referred to as petitioner) is in the custody of the appellee (hereafter referred to as respondent) by virtue of a judgment and sentence of the United States District Court for the Western District of Missouri. The petitioner filed in that court on December 19, 1941, a petition for a writ of habeas corpus, alleging that his detention was unlawful and praying that he be discharged from custody. Thereupon the court ordered the respondent to bring the petitioner before it on December 27, 1941, so that he might be heard, and to produce the judgment, commitment and other papers pursuant to which he was held in custody. On December 27, 1941, the court afforded the petitioner a full hearing, and, after considering the evidence and the files and records in the case, concluded that petitioner was not entitled to be released from custody, denied his prayer that he be released, and entered an order accordingly. The petitioner then took this appeal.

The essential facts are not in dispute. The record shows that the petitioner is a lawyer of good family, who has been addicted to drink; that in July, 1940, he and others were charged under two counts of an indictment with the crimes of having received and concealed United States postage stamps, knowing them to have been stolen and with intent to convert them; that on April 7, 1941, petitioner, who was represented by his father, a prominent lawyer of Springfield, Missouri, and by a former United States Attorney for the Western District of Missouri, appeared before Judge Albert L. Reeves to answer the charges contained in the indictment; that petitioner tendered a plea of nolo contendere to the first count of the indictment; that his plea was accepted; that the second count of the indictment was dismissed by the Government; that a judgment of conviction under the first count was entered; that the imposition of sentence was suspended and petitioner was placed on probation for a period of five years; that one of the conditions of his probation was that he "abstain from all intoxicating beverages or narcotic

drugs, unless specifically prescribed by a reputable physician;" that he did not abstain, but became drunk on several occasions, and on July 2 or 3, 1941, he was taken into custody of the Sheriff at Springfield, Missouri; that the Chief United States Probation Officer for the District was notified of petitioner's violation of probation; that the court ordered the issuance of a bench warrant, and the United States Marshal, at the court's direction, brought the petitioner before the court on July 5, 1941, to show cause why his probation should not be revoked and why he should not be sentenced and committed; that petitioner was accompanied by his brother, who is also a lawyer; that petitioner admitted that he had violated the terms of the order placing him on probation; that the court revoked his probation and imposed a sentence of two years imprisonment at an institution of the reformatory type, and recommended hospitalization; that petitioner was first sent to the Federal Reformatory at El Reno, Oklahoma, arriving there July 7, 1941; and that in November, 1941, he was transferred to the custody of respondent, on a finding that because of petitioner's mental condition he was a suitable subject for confinement in the United States Hospital for Defective Delinquents.

Petitioner in his application for habeas corpus charged, in substance, that at the time he entered his plea of nolo contendere he advised Judge Reeves that he was innocent of the crime of which he was accused; that the Judge found that petitioner was not guilty; that a judgment of conviction and order for probation was entered; that on July 5, 1941, at the time petitioner's probation was revoked, he was under the influence of drugs administered at the direction or with the consent of the Chief United States Probation Officer, and was therefore unable to exercise his legal rights; that the Judge ordered petitioner committed for medical treatment, but that petitioner was not aware that he had received a prison sentence; that the Judge later wrote petitioner that he would be discharged when mentally and physically fit; that the Judge refused to call petitioner before the court to argue a motion to vacate his plea and for a trial, and prevented the petitioner from taking an appeal from the order denying his motion. Judge Reeves, in view of these charges, transferred the petition to Judge Merrill E. Otis for hearing and disposition.

At the hearing before Judge Otis, the pertinent evidence of the petitioner was to the effect that after his plea of nolo contendere was accepted he made a statement of facts which showed that he was innocent, and that Judge Reeves found or stated that he was not guilty; that petitioner believed that the entry of his plea ended the case; that he resumed the practice of law until July 3, 1941, when he was arrested by the Sheriff at Springfield, Missouri, but not for being drunk, although he had been drinking; that, when he was brought before the court on July 5, 1941, to show cause why his probation should not be revoked and a commitment issued, he was unable to protect his rights because some drug had been administered to him by a physician; and that petitioner was advised then and thereafter by Judge Reeves that he was to be confined for hospitalization and would be released when cured.

The evidence adduced by the respondent showed that petitioner had on April 7, 1941, tendered a plea of nolo contendere, which was accepted without qualification; that a judgment of conviction was entered, imposition of sentence suspended, and petitioner placed on probation; that he violated the terms of his probation by becoming intoxicated; that when produced in court on July 5, 1941, he was represented by counsel, was apparently in possession of his faculties, behaved intelligently, admitted that he had violated the terms of his probation, and, after sentence was imposed, expressed appreciation of the consideration shown him by the court. There was no evidence that any drugs had been administered to him by any physician acting on behalf of anyone connected with the Government, although it did appear that petitioner had received treatment from his own doctor.

■ The record shows that Judge Otis properly denied the release of the petitioner. The plea of nolo contendere was, for all practical purposes, the full equivalent of a plea of guilty. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347; 18 U.S.C.A. §§ 724, 725. See, also, Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541, 543. The judgment of conviction was based upon the plea and not upon any statements or any discussion which may have taken place after the plea was

accepted. The testimony that Judge Reeves pronounced the petitioner not guilty, after accepting his plea of nolo contendere, was not credited by Judge Otis and is unworthy of belief. Judge Reeves in revoking the petitioner's probation, in sentencing him, and ordering his commitment, acted lawfully. Sec. 725 of Title 18 U.S.C.A. merely requires that upon his arrest a probationer "shall forthwith be taken before the court," and provides: "Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." Assuming, without deciding, that the court may revoke probation, and issue a commitment, only when a probationer, who has violated the terms of his probation, is before the court in full possession of all of his faculties, there is no reliable evidence in the record here that petitioner was not in possession of his faculties and was not fully aware of what was happening to him on July 5, 1941, and why it was happening.

Judge Reeves, no doubt in the hope that the petitioner, with the shadow of the penitentiary hanging over him, might reform, had, in effect, on April 7, 1941, given him the choice of remaining sober and free or of drinking and being imprisoned. The petitioner evidenced his election by drinking, and thus virtually put himself in jail. What Judge Reeves may have said to him on July 5, 1941, or written to him thereafter, about hospitalization or release after treatment, is not of the slightest consequence so far as the validity of the judgment and sentence is concerned.

The contention that Judge Reeves improperly denied petitioner's motion to set aside the plea of nolo contendere and in some way obstructed petitioner's efforts to appeal from the denial of the motion is without basis and without any color of merit. The motion was addressed to the discretion of the court and the order denying it was not appealable. Bensen v. United States, 9 Cir., 93 F.2d 749, 751. Moreover, the motion was made more than ten days after the entry of the plea and after sentence was imposed, and was therefore too late. Rule 2(4) of the Rules of Practice and Procedure in Criminal Cases, promulgated by the Supreme Court of the United States, as amended, 18 U.S.C.A. following § 688. Compare: United States v. Tousey, 7 Cir., 101 F.2d 892, 893; Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541, 543.

The record shows that petitioner is properly in the custody of the respondent by virtue of a lawful judgment, sentence and commitment.

The order appealed from is affirmed.