**UNITED STATES v. COSENTINO**
(two cases).

**UNITED STATES v. MASIEWICZ.**
Nos. 10383–10385.

United States Court of Appeals
Seventh Circuit.

Sept. 28, 1951.

Eugene J. Sullivan, David V. Jennings, Jr., and Harvey E. Kaiser, all of Milwaukee, Wis., Paul A. Hemmy, Jr., Juneau, Wis., Dennis M. Sullivan, Ted E. Wedemeyer, Milwaukee Wis., for appellants.

Timothy T. Cronin, U. S. Atty., E. J. Koelzer, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before KERNER, FINNEGAN, and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Defendants appeal from separate judgments of conviction of violations of the criminal laws of the United States. The several appeals were heard and will be disposed of together.

Defendants originally entered pleas of not guilty but, on December 8, 1950, requested and obtained leave to withdraw them and to plead nolo contendere. The court then adjourned the cause for the purpose of procuring presentence investigation reports. Thereafter, on February 19, 1951, the defendants were sentenced, upon their pleas of nolo contendere, to terms in federal prisons.

Defendants urge that the court erred in sentencing them without hearing any evidence bearing upon the question of whether they were guilty; that the court's reliance upon presentence investigations was not sufficient to sustain the judgments and that the court evinced prejudice by disparity in the sentences imposed.

It is elementary that "The facts alleged in the indictment * * * stand admitted * * * on the plea of nolo contendere," U. S. v. Frankfort Distilleries, 324 U.S. 293 at page 296, 65 S.Ct. 661, 663, 89 L.Ed. 951; that a judgment entered upon such a plea leaves open for review only the sufficiency of the indictment, United Brotherhood of Carpenters and Joiners of America v. U. S., 330 U.S. 395 at page 412, 67 S.Ct. 775, 91 L.Ed. 973 and has all the effect of a plea of guilty for the purpose of the case, since, upon the face of the record, no issue of fact appears, Singleton v. Clemmer, 83 U.S.App.D.C. 107, 166 F.2d 963; Fisher v. Schilder, 10 Cir., 131 F.2d 522. By entering such pleas defendants preclude themselves from a trial. Dillon v. U. S., 8 Cir., 113 F.2d 334; Roitman v. U. S., 7 Cir., 41 F.2d 519; U. S. v. Lair, 8 Cir., 195 F. 47; Gemignani v. U. S., 6 Cir., 9 F.2d 384; Tucker v. U. S., 7 Cir., 196 F. 260, 41 L.R.A.,N.S., 70. Punishment may be by fine alone or by fine and imprisonment both. Hudson v. U. S., 3 Cir., 9 F.2d 825, affirmed 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347. Consequently, when defendants entered their pleas of nolo contendere, they admitted the averments of the indictments returned against them by the grand jury. The court, charged, with the exercise of discretion in the entry of sentences, was under no obligation to receive any evidence whatever; by their pleas defendants had confessed the truth of the charges.

Furthermore the court not only had the right to have presentence investigations made and to rely thereon but, it is evident that in the enactment of legislation and the adoption of rules looking to the procuration of such presentence reports, the intent was to encourage trial judges to consider them in order to be able to exercise as wisely as possible their discretion in fixing sentences. As long as the sentence is within the statutory limits and there is no showing of abuse of the court's discretion, courts of appeals may not interfere. Bailey v. U. S., 7 Cir., 284 F. 126; U. S. v. Sorcey, 7 Cir., 151 F.2d 899, certiorari denied 327 U. S. 794, 66 S.Ct. 821, 90 L.Ed 1021.

We have examined the record carefully. We find nothing that would justify our interference with the judgments; they are affirmed.