**UNITED STATES v. JONES et al.**
**No. 23083.**

United States District Court
S. D. California, Central Division.
Feb. 19, 1954.

Laughlin E. Waters, U. S. Atty. for Southern Dist. of Cal., Los Angeles, Cal., Manley J. Bowler and Cecil Hicks, Jr., Assts. U. S. Atty., Los Angeles, Cal., for plaintiff.

James O. Warner, Los Angeles, Cal., for defendants.

TOLIN, District Judge.

The question before the Court is whether the Court should accept pleas of *nolo contendere* which have been tendered by each defendant. The United States Attorney opposes the acceptance of the pleas and insists that the Court should require pleas of either Guilty or Not Guilty. The Indictment is in three counts and the proposal is to enter the plea to one count. The Government is willing that conviction be had on the single count to which defendants offer to plead *nolo contendere* and indicates that upon a judgment of conviction being entered as to said count, the prosecutor will move to dismiss the remaining counts of the Indictment. The entire dispute, therefore, is whether the form of plea tendered should be accepted and does not involve any question as to number of counts.

The prosecutor has stated that his only reason for opposing the pleas of *nolo contendere* is that the Attorney General of the United States has issued a memorandum which is set forth as a footnote hereto.[1]

---

1. "One of the factors which has tended to breed contempt for federal law enforcement in recent times has been the practice of permitting as a matter of course in many criminal indictments the plea of nolo contendere. While it may serve a legitimate purpose in a few extraordinary situations and where civil litigation is also pending, I can see no justification for it as an everyday practice, particularly where it is used to avoid certain indirect consequences of pleading guilty, such as loss of license of sentencing as a multiple offender.

"Uncontrolled use of the plea has led to shockingly low sentences and insignificant fines which are no deterrent to crime. As a practical matter it accomplishes little that is useful even where the Government has civil litigation pending. Moreover, a person permitted to plead nolo contendere admits guilt for the purpose of imposing punishment for his acts and yet, for all other purposes, and as far as the public is concerned, persists in his denial of wrongdoing. It is no wonder that the public regards consent to such a plea by the Government

■■ Rule 11 of Federal Rules of Criminal Procedure, 18 U.S.C.A., provides, in part:

"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. * * * *"

As the offered plea is only available to a defendant "with the consent of the court" it is appropriate that the Court inquire what reason, if any, exists why such a plea should be acceptable instead of one which denies or admits in the generally used language "not guilty" or "guilty". Defendants claim a potential of civil litigation based upon the same transactions pleaded in the Indictment. They tell the Court that they are willing not to contend against the charges but desire not to create evidence which could be used as an admission in other potential litigation. To avoid exacting an admission which could be so used, is the main, if not only, modern purpose of *nolo contendere*.

Some judges do not ask the prosecutor whether he opposes or approves the entry of the plea. The Rule itself specifies that the plea may be entered with the Court's consent and does not attach any requirement for consent by the prosecutor.

■■ However, as the Court has asked defendants why they should be allowed to so plead, it is desirable to inquire if the prosecutor has any information which a court should have to weigh with defendants' understandable desire to not create evidence against themselves. The Court understands that the only objection that the United States Attorney urges is that he has been directed not to consent to the entry of such a plea. While this may be an overall command from the head of an Executive Department to his subordinates, it does not purport to be, nor could it be, anything more. It is not binding upon the Court, nor is it, nor does it purport to be law. Even if the United States Attorney is forbidden to do so, the Court must exercise its discretion in each case, basing that exercise of discretion upon the facts presented by the individual circumstances. It might be that there have been abuses of the offered plea but none have been suggested in this case; and in the absence of some reason why a defendant should not have the benefit of the plea, the Court will ordinarily allow it to be entered. It is true that many defendants look upon a plea of *nolo contendere* as something less than a plea of Guilty. Actually it is not strictly a plea at all but a statement that the defendant will not contend against the charge made by the Government; and for the purpose of the case at Bar, the statement *"nolo contendere"* becomes in effect a consent that the Court may proceed to accept the allegations in the Indictment as true. It is always important for courts to avoid permitting criminal prosecution to be used as a means of redressing civil wrongs and, by means of a criminal judgment, procuring either directly or indirectly some advantage in a civil case. Defendants often desire to avoid the effect of a plea of Guilty which might be used as an admission generally and be introduced in evidence in a civil

as an admission that it has only a technical case at most and that the whole proceeding was just a fiasco.

"In many jurisdictions the Court will ordinarily not accept a plea of nolo contendere unless consented to by the prosecuting attorney. And in others, a refusal to consent to the plea will have the effect of placing full responsibility on the judge where it belongs.

"Accordingly, in an effort to discourage the widespread use of the plea of nolo contendere, you are instructed not to consent to it except in the most unusual circumstances and then only after your recommendation for doing so has been reviewed and approved by the Assistant Attorney General responsible or by my Office.

"To the extent that this instruction is inconsistent with Title 2, page 18 and Title 4, page 46 of the United States Attorney's Manual, those provisions are modified."

"Herbert Brownell, Jr."
"Herbert Brownell, Jr."
"Attorney General".

case based upon the same transaction. The same defendants might be, and here are, willing to be adjudicated guilty. The leading authority in the United States upon the plea of *nolo contendere* is Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347. Concerning that case, Judge Yankwich, of this Court, has said in United States v. Food and Grocery Bureau of Southern California, D.C., 43 F.Supp. 974, 979:

> " * * * Whatever may have been the mis-impression in the past about this plea, it is now definitely settled by the Supreme Court (Hudson v. United States, 1926, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347) that it is, in effect, a plea of guilty, warranting the imposition of the maximum punishment provided by law. * * * "

See United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076:

> " * * * a plea of nolo contendere * * *, although it does not create an estoppel, has all the effect of a plea of guilty for the purposes of the case * * *. After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record. * * * the plea of *nolo contendere* * * * was as conclusive as a plea of guilty would have been. * * * "

To like effect is Farrington v. King, 8 Cir., 128 F.2d 785. In this case the defendants offered the very good reason that there is a potential of civil litigation and that they do not wish to create evidence against themselves in such civil litigation if it should ensue, but for the purpose of their case they are willing to suffer an adjudication of guilt.

That the acceptance by this Court of pleas of *nolo contendere* will accomplish the purpose of convicting the offenders and still save the offenders from an estoppel in other litigation, appears not only from the cases above cited but in 51 Yale L.J. 1255, which summarizes its review of the subject by saying:

> "The only basic characteristic of the plea of *nolo contendere* which differentiates it from a guilty plea is that the defendant is not estopped from denying the facts to which he pleaded *nolo contendere* in a subsequent judicial civil proceeding."

22 C.J.S., Criminal Law, § 425, says, at pages 658, 659:

> "The so-called plea of 'nolo contendere,' which is still allowed in some jurisdictions, is not a plea in the strict sense of that term in the criminal law, but a formal declaration by accused that he will not contend with the prosecuting authority under the charge. It is said to be in some respects in the nature of a compromise between the state and accused. It is not one of the pleas open to accused as a matter of right, but is allowable only under leave of, and acceptance by, the court. When accepted by the court, it becomes an implied confession of guilt, and, for the purposes of the case only, equivalent to a plea of guilty; and, when judgment has been entered on the plea, the record is competent evidence of the fact of conviction. The difference between it and a plea of guilty appears simply to be that, while the latter is a confession binding accused in other proceedings, the former has no effect beyond the particular case. It is an implied confession of guilt only, and cannot be used against accused as an admission in any civil suit for the same act."

█ That the same penalty may be adjudged as upon a conviction by guilty plea or verdict, is clearly determined in Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347, and there is no obligation upon the Court to punish less severely simply because the admission of guilt is limited to the case wherein the plea is entered.

█ It follows that the offered pleas will be accepted and, in accepting them, the Court will have power to impose

judgment to the same extent as if the defendants had been convicted upon a verdict of Guilty or had entered a plea of Guilty.