**Arnold E. EDENS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. J 64 C 57.

United States District Court
E. D. Arkansas,
Jonesboro Division.

Feb. 4, 1965.

William K. Woods and Edward N. Vaden, Memphis, Tenn., for petitioner.

James W. Gallman, Asst. U. S. Dist. Atty., for respondent.

GORDON E. YOUNG, District Judge.

This action is brought by petitioner pursuant to 28 U.S.C.A. § 2255 seeking to vacate a sentence of sixteen years imprisonment imposed upon him by this Court on October 11, 1962. After a trial of more than a week's duration, petitioner was convicted for violating the anti-fraud provisions of the Securities Act of 1933, 15 U.S.C.A. § 77q, the Mail Fraud Statute, 18 U.S.C.A. § 1341, and the National Stolen Property Act, 18 U.S.C.A. § 2314. He was represented by employed counsel. Petitioner was charged with these violations in a twelve count indictment, and the jury found him guilty on ten of the twelve counts. No appeal was taken.

Petitioner was sentenced to one year on Count 1 (securities fraud); two years on Count 2 (mail fraud), to run consecutively to Count 1; two years on Count 3 (securities fraud), to run consecutively to the preceding counts; two years on Count 4 (mail fraud), to run consecutively to the preceding counts; two years on Count 5 (mail fraud), to run consecutively to the preceding counts; two years on Count 6 (mail fraud), to run consecutively to the preceding counts; two years on Count 8 (securities fraud), to run consecutively to the preceding counts; one year on Count 10 (mail fraud), to run consecutively to the preceding counts; two years on Count 11 (mail fraud), to run consecutively to the preceding counts; and two years on Count 12 (National Stolen Property Act), to run concurrently with Count 11.

Petitioner attacks the sufficiency of the indictment and contends that the sentence of sixteen years is excessive because the first, third and eighth counts which charge a violation of the Securities Act allege the same offense; the second, fourth, fifth, sixth, tenth and eleventh counts which charge a violation under the Mail Fraud Statute, all allege the same scheme to defraud set out in the first count and multiple sentences have been imposed for the same offense in these counts; these offenses have been fragmented in the indictment when there is actually only one alleged scheme which is set out fully in the first count. Further, petitioner contends that the first, third and eighth counts fail to allege the interstate character of the transactions referred to in these counts which indicate that these transactions were of an intrastate nature.

It is well settled that after conviction a sentence is not open to collateral attack under 28 U.S.C.A. § 2255, on the ground that the indictment upon which the conviction was based is defective, unless "it appears that the circumstances are exceptional, that the questions raised are of 'large importance', that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction." Keto v. United States, 189 F.2d 247, 249, 251 (8th Cir. 1951). This rule has been consistently followed. Jackson v. United States, 325 F.2d 477 (8th Cir. 1963). There are no such exceptional circumstances in the instant case, and, therefore, petitioner's conviction is not now open to collateral attack.

Even assuming *arguendo* that petitioner's contentions may be consider-

ed, however, they are wholly without merit. The arguments raised have been rejected by respectable authority with whom this Court agrees. See, e. g., Palmer v. United States, 229 F.2d 861 (10th Cir. 1955), cert. denied 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861 (1956). Holmes v. United States, 134 F.2d 125, 129 (8th Cir. 1943), cert. denied 319 U.S. 776, 63 S.Ct. 1434, 87 L.Ed. 1722 (1943). Shaw v. United States, 131 F.2d 476 (9th Cir. 1942), Dillon v. United States, 113 F.2d 334, 335 (8th Cir. 1940).

The motion to vacate will be denied.