STATE OF CONNECTICUT *v.* RUSSELL H. BRIDGETT

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 7-6690

Argued February 15—decided March 15, 1965

*Francis R. Danaher,* of Meriden, for the appellant (defendant).

*Edward P. Loughlin,* assistant prosecuting attorney, for the appellee (state).

JACOBS, J. This appeal is from a judgment based upon an information charging the defendant with the crime of aggravated assault in violation of § 53-16 of the General Statutes. The record discloses that on November 10, 1964, the defendant entered in writing in open court, with the written approval of his counsel, a plea of nolo contendere. Upon acceptance of the plea, the court adjudged the defendant guilty. See Practice Book §§ 476,[1] 800. In compliance with § 54-109, imposition of sentence was deferred pending the filing of a written report of a presentence investigation by the probation officer. A copy of the report was given the defendant on December 2, 1964. On December 15, 1964, the date set down for sentencing, the defendant, before sentence, orally moved the court for permission to withdraw his plea of nolo contendere and to enter a plea of not guilty. The court denied the motion. The judgment recites that "the presentence report having been filed and considered," the court sentenced the accused to be confined in jail for a term of one year, execution suspended after thirty days and the accused placed on probation for a period of one year. The only issue raised on this appeal is whether the court below abused its discretion in refusing to allow the defendant to withdraw his plea of nolo contendere and to enter a plea of not guilty.

[1] "[Practice Book] Sec. 476. PLEA OF NOLO CONTENDERE. A plea of nolo contendere shall be in writing and, when accepted by the court, shall be followed by a finding of guilty."

The plea of nolo contendere is of ancient origin. It was known to the English common law as early as the reign of Henry IV (1399-1413). "It is an interesting phenomenon that all discussions of the nature of the plea of nolo contendere go back in their last analysis to one and the same source, namely a passage in the book of an English author, published early in the nineteenth century. Later text writers, in formulating their definitions as to the nature of the plea, for the greater part simply elaborated on this statement." 14 Am. Jur., Criminal Law, § 275 (Sup. 1964, p. 216).[2]

It is axiomatic that the plea of nolo contendere cannot be entered by the defendant as a matter of right; its acceptance by the court is entirely a matter of grace. See 4 Wharton, Criminal Law and Procedure § 1903; *Hudson* v. *United States,* 272 U.S. 451, 456; *Hocking Valley Ry. Co.* v. *United States,* 210 Fed. 735, 737; *Tucker* v. *United States,* 196 Fed. 260, 262. Because the plea of nolo contendere is equivalent to a plea of guilty for the purposes of the case, a defendant who has entered a nolo plea is deemed to have waived all defects in the pleadings and his right to a jury trial. See *Dillon* v. *United States,* 113 F.2d 334, 339; *Farnsworth* v. *Zerbst,* 97 F.2d 255, 256; *In re Lanni,* 47 R.I. 158, 161. The plea of nolo contendere, like the demurrer, admits for the purposes of the case all facts that are well pleaded. See *State* v. *O'Brien,* 18 R.I. 105, 107. The only basic characteristic of the plea of nolo contendere which differentiates it from a guilty plea is that the de-

---

[2] The reference is to 2 Hawkins, Pleas of the Crown (8th Ed. 1824) p. 466, critically examined by Mr. Justice Stone (as he then was) in *Hudson* v. *United States,* 272 U.S. 451. For another version of the early common-law form of the plea, see 1 Chitty, Criminal Law, p. 430 (1836). Extensive discussions of the plea of nolo contendere may be found in Lenvin & Meyers, "Nolo Contendere: Its Nature and Implications," 51 Yale L.J. 1255, and note, 89 A.L.R.2d 540, supplementing note, 152 A.L.R. 253.

fendant is not estopped from denying the facts to which he pleaded nolo contendere in a subsequent judicial civil proceeding. See *Krowka* v. *Colt Patent Fire Arm Mfg. Co.,* 125 Conn. 705, 713. "After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record." *United States* v. *Norris,* 281 U.S. 619, 623. Once the plea has been entered and accepted, it is discretionary with the court whether the plea may be withdrawn and replaced by another form of pleading. *Mosely* v. *United States,* 207 F.2d 908, cert. denied, 347 U.S. 933; *State* v. *Siddall,* 103 Me. 144; *Commonwealth* v. *Marino,* 254 Mass. 533, 535. And while the defendant has no absolute right to insist upon a withdrawal of the plea, he may attack the denial as an abuse of discretion. In *Fox* v. *State,* 112 Fla. 104, for example, the defendant was without the aid of counsel and pleaded nolo without understanding the nature of the plea. The court's denial of the motion was held an abuse of discretion where it was shown that the defendant was without understanding of the nature of the plea.

"The reviewing court will presume, in the absence of a contrary showing, that the ruling of the trial court on an application for leave to withdraw a plea of . . . nolo contendere was proper." 24A C.J.S. 639, Criminal Law, § 1851. So far as the record here discloses, the plea of nolo contendere was made deliberately and understandingly, without coercion or pressure, and its import and effect were fully understood. See *State* v. *Carta,* 90 Conn. 79, 81. In the defendant's brief, the claim is made that "[a]fter considering all the factors involved [in the case], it was agreed between the prosecuting officer and counsel for the defendant that the defendant should receive a suspended jail sentence." This was substantially the same argument addressed to us on oral

argument. "Very often the facts adduced lead the court to the conclusion that the defendant, at the time of entering his plea confidentially [sic], expected leniency, but without deviation it has been held that this conclusion presents no basis for withdrawal of the plea even though the defendant is surprised by the severity of the sentence." Note, 89 A.L.R.2d 540, 575; see *United States* v. *Shneer,* 194 F.2d 598, 600; *Kramer* v. *United States,* 166 F.2d 515, 519. "[T]he appellate court will not, in the absence of a clear abuse of discretion, review or revise the action of the trial court . . . in allowing or refusing to allow permission to withdraw a plea of nolo contendere and to substitute a plea of not guilty." 24A C.J.S. 693, Criminal Law, § 1862. "So far as appears, the motion was a mere maneuver not related to the merits, designed to control the sentence. . . . Disappointment with the sentence in prospect is not a valid ground to plead again, and this is all that can be divined from the record." *State* v. *Pometti,* 12 N.J. 446, 454.

There is no error.

In this opinion Kosicki and Cicala, Js., concurred.