F I L E D
United States Court of Appeals
Tenth Circuit

SEP 11 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DENNIS MATTHEW GRANT,

Petitioner-Appellant,

v.

MARY PUNCHES; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 97-5085
(D.C. No. 96-CV-77-B)
(N.D. of Okla.)

ORDER AND JUDGMENT   *

Before **BRORBY, McKAY,**   and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Dennis Matthew Grant, proceeding pro se, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on Mr. Grant's application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Because after careful review of the record, we determine that Mr. Grant has failed to demonstrate a substantial showing of a denial of constitutional right, we deny Mr. Grant's application for a certificate of appealability and dismiss his appeal.

Pursuant to a plea agreement, on April 13, 1992, Mr. Grant entered a plea of nolo contendere to possession of cocaine. [1] Deferring a judgment of guilty for three years, the court placed Mr. Grant on probation until April 14, 1995. The plea was counseled, and although the court advised Mr. Grant of his right to seek to withdraw his plea and his right to direct appeal, see R. Tr. of Plea at 10-11, Mr. Grant did not avail himself of either of these rights.

Due to Mr. Grant's numerous probation violations, on May 20, 1994, the court accelerated his deferred sentence, entered a judgment of guilty, and sentenced him to ten years' imprisonment. The state appellate court affirmed this decision. Mr. Grant then sought state post-conviction relief alleging due process violations, newly discovered evidence, and ineffective assistance of trial counsel.

---

[1] For purposes of the case, a plea of nolo contendere has the same effect of admitting guilt as a guilty plea. See Hudson v. United States, 272 U.S. 451, 455 (1926).

The trial court denied relief and the Oklahoma Court of Criminal Appeals affirmed.

Subsequently, Mr. Grant filed this federal habeas corpus action alleging that (1) the state court violated his due process rights by failing to enter sufficient findings of fact and conclusions of law when denying his petition for post-conviction relief, as required by Okla. Stat. tit. 22, § 1083; (2) the state court violated his due process rights by failing to conduct an evidentiary hearing before denying his petition for post-conviction relief in violation of Okla. Stat. tit. 22, § 1084; and (3) he was denied effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights.

Mr. Grant's first two claims allege that the trial court did not comply with certain provisions of the Oklahoma Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-1089. Federal habeas corpus relief under § 2254 is available only to those held in state custody in violation of federal constitutional or statutory law; it is not available to remedy alleged violations of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Richmond v. Embry, 122 F.3d 866, 870 (10th Cir. 1997), cert. denied, 118 S. Ct. 1065 (1998). Mr. Grant's claims of error are premised on alleged violations of state procedural rules. Therefore, they are not

actionable under § 2254 and do not demonstrate a substantial showing of the denial of a federal constitutional right. [2]

Mr. Grant also alleges that his trial counsel rendered ineffective assistance before and during entry of his plea. In order to prevail on a claim of ineffective assistance of counsel, Mr. Grant must show that counsel's performance was deficient, and that counsel's errors prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Mr. Grant alleges that counsel rendered ineffective assistance when he failed to investigate the evidence, failed to conduct attorney-client conferences, failed to request discovery, failed to respond to Mr. Grant's correspondence, and advised Mr. Grant to plea bargain. Without specificity or explanation, Mr. Grant appears to base all of these allegations on his contentions that sometime after entry of his plea, he was told by an unidentified police officer that the substance he was charged with possessing was not cocaine and that he wrote a subsequent letter to his attorney declaring his innocence. As the district court found, there was no proof of this beyond Mr. Grant's unsupported hearsay allegation.

---

[2]     On appeal, Mr. Grant appears to assert that the district court erred in denying his petition for habeas corpus relief without an evidentiary hearing. A federal district court is not required to hold a hearing unless the petitioner makes "allegations which, if proved, would entitled him to [habeas] relief." Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995). Because Mr. Grant failed to meet this requirement, the district court was not required to hold a hearing before dismissing his petition.

Moreover, Mr. Grant's contentions are in contravention of his own representations to the trial court at the time he entered his plea. The transcript of the plea hearing clearly indicates that Mr. Grant understood the consequences of his plea, see R. Tr. of Plea at 5-6, understood that he was waiving his right to face his accusers and have the government prove the charges, see id. at 6, acknowledged that his attorney's advice was in his best interests, see id., and understood that, regardless of the nature of his plea, he still had the right to appeal following application for withdrawal of his plea, see id. at 11. Moreover, Mr. Grant acknowledged that he and his attorney were aware that the state had sufficient factual information and evidence to convince a jury that he had possessed a controlled substance, and declared that he did not wish to contest that evidence. See id. at 8.

It is clear that Mr. Grant understood that, in the event of a trial, the arresting officer would testify that the field test done at the time of Mr. Grant's arrest established that the substance was cocaine. He also understood that, through entry of a plea, he was acceding to the government's characterization of the nature of the substance. Mr. Grant has not shown that counsel's reliance on the existing circumstances in advising Mr. Grant to negotiate a plea was deficient performance. Therefore, Mr. Grant has not established an actionable claim of ineffective assistance.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  We conclude that Mr. Grant has failed to make the requisite showing.  Accordingly, we DENY Mr. Grant's application for a certificate of appealability and DISMISS his appeal.  The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge