## STATE vs. JOHN O. HOPKINS.

1. CRIMINAL LAW—PLEAS—"NON VULT CONTENDERE".

By a plea of "*non vult contendere*", accused submits to the court to say whether he is guilty of an infraction of the law charged.

2. POISONS—SALE—REGULATION—REGISTER—STATUTES.

Where a druggist sold corrosive sublimate to a customer, and entered the sale on a slip of paper showing the sales for the day, which with other daily slips were regularly put in an envelope kept in the safe, there was a violation of 24 *Del. Laws, c.* 140, § 13, providing that, before delivery of any specified poisons to a purchaser, there shall be recorded in a book kept for the purpose the name of the article, the quantity delivered, the purpose for which it is alleged to be used, the date of delivery, the name and address of the purchaser, and the name of the dispenser.

(*September* 22, 1913.)

Judges CONRAD and WOOLEY sitting.

Armon D. Chaytor, Jr., Deputy Attorney General, for the state.

J. Frank Ball for the defendant.

Court of General Sessions, New Castle County, September Term, 1913.

INDICTMENT for violating *Section* 13, *Chapter* 140, *Volume* 24, *Laws of Delaware* (No. 63, September Term, 1913), it being an act in relation to the sale of drugs and chemicals, etc. The indictment contained seven counts. The several distinct charges taken together were to the effect that the defendant did unlawfully sell and deliver to the purchaser, at the time and place averred, a certain poisonous substance, to wit, corrosive sublimate, without recording in a book kept for that purpose, and before delivery, the name of the poisonous substance, the quantity thereof, the purpose for which it was alleged by the purchaser to be used, the date of the delivery thereof, the name and address of the purchaser, and the name of the dispenser of the poisonous substance.

The defendant on being arraigned pleaded *non vult*.

The sale was made by a member of the firm and by him entered on a slip of paper showing the sales for that day, which with other daily slips were regularly put in an envelope kept in a safe; but a separate book showing sales of poison, as prescribed by the statute was not kept.

Opinion.

CONRAD, J., delivering the opinion of the court:

John O. Hopkins has been indicted by the grand inquest of this county for an infraction of the statute regulating the practice of pharmacy in this state, passed by the General Assembly in 1907.

It is admitted that this defendant sold to one Henry Biddle, on or about the twenty-eighth day of August of this year, a poisonous substance known as bichloride of mercury. The evident object of this statute was the safe-guarding of human life, and we are living in a time when the newspapers keep us constantly informed of awful things happening from the taking of poisons, so it seems to the court that the Legislature was wise in seeking to throw around the sale of these substances every safeguard possible. It is incumbent upon a pharmacist to strictly observe every regulation of the law.

[1, 2] This is the first case that has been brought before this court upon this statute, and we are very clear in our opinion that the defendant did not follow the provisions of this statute in what he did. He pleads *non vult;* that is, he throws himself upon this court to say whether or not he is guilty of an infraction of this law. It is evidently the intent of the law that great care and prudence shall be used by the dispenser of poisons in selling the same.

*Section* 13 of this statute provides as follows:

"It shall be unlawful for any person in this state to sell or deliver to any minor under sixteen years of age, except upon the written order of an adult, any of the following substances, and it shall likewise be unlawful to sell or deliver to any person any of the following described substances, or any poisonous compound, combination or preparation thereof, to wit; strychnia, arsenic or corrosive sublimate, except in the manner following:

"It shall first be learned by due inquiry that the person to whom delivery is made is aware of the poisonous character of the substance, and that it is desired for a lawful purpose, and the box, bottle, or other package shall be plainly labelled with the name of the substance, the word 'Poison' and the name of the person or firm dispensing the substance," etc.

The statute further provides that before the delivery shall be made of any of the foregoing substances "there shall be recorded in a book kept for the purpose the name of the article, the quantity delivered, the purpose for which it is alleged to be used, the date of delivery, the name and address of the purchaser, and the name of the dispenser", etc.

The court finds the defendant guilty of not recording the sale of poison in a book kept for the purpose, but this being a first offense, and knowing the respectability of this defendant and that he is a man who seeks to abide by the law, we feel that the minimum fine only should be imposed.