V. F. W. HOLDING CO., INC., GEN. W. W. ATTERBURY POST NO. 3420, Petitioner,

v.

DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION.

Superior Court of Delaware.

New Castle.

March 27, 1969.

John E. Babiarz, Jr., Wilmington, for petitioner.

Andrew G. T. Moore II, Killoran & Van Brunt, Wilmington, for the Commission.

OPINION

O'HORA, Judge.

On New Year's Eve, 1967, a Sunday, two inspectors of the Delaware Alcoholic Beverage Control Commission ("Commission") observed 75 to 100 people sitting at tables and consuming alcoholic beverages in a room at petitioner's clubhouse. Three bartenders were behind the bar. On the back of the bar were approximately 35 bottles of liquor, none of which bore the names of clubmembers. All of the club's liquor cabinets were unlocked and empty. The cash register contained money. 4 Del.C. § 717 prohibits the sale of alcoholic beverages on Sunday. However, no evidence was procured to

demonstrate that sales actually took place in the presence of the inspectors.

At a public hearing held by the Commission, petitioner was charged with violating Rule 22 of the Commission, which provides:

"All alcoholic liquor must be placed in cabinets used for storage or display during closed hours, and such cabinets must be closed and locked within one half hour after sales of alcoholic liquors cease.

Such cabinets shall remain closed and locked during the time sales of alcoholic liquors are prohibited; however, holders of club locker licenses may have cabinets containing beer only unlocked on the holidays enumerated in 4 Del.C. § 717(e) for the purpose of exchanging bottles of unchilled beer in members' lockers for those already chilled in the club's cabinets."

Petitioner entered a plea of nolo contendere,[1] and asked for leniency, urging that the offense was not a "flagrant violation". The Commission's attorney, commented at this stage, as follows:

"* * * It seems reasonably clear to to me, although this is not a charge and certainly the Commission will not consider it, * * * that you were selling liquor on Sunday and, as a matter of fact, the understanding we have, and it is rumor and will not be considered by the Commission, that you sold tickets for it. * * * I don't think this is a minor offense at all. It seems to me that it is fairly obvious a violation of the State law."

A member of the Commission then added:

"* * * [T]his does not appear to be one of those cases where it was a matter of carelessness or human, perhaps, excusable negligence, that some minor rule was violated either knowingly or unknowingly, but it seems like this is nothing more than an obvious breaking of the law * * *. This was a big function * * *. It was a calculated effort to hold an affair in complete defiance of the law."

The Commission, after the hearing, suspended the petitioner's locker license for six months, and revoked its privilege of using a chit system in place of the more cumbersome trading of warm beer in club-member's lockers for cold beer in the club coolers. Petitioner appealed to this Court for a review of this "sentence" and here urges reversal on the grounds that the Commission abused its discretion and acted capriciously in determining petitioner's penalty. The Commission seeks to have the appeal dismissed on the grounds that the petitioner entered a plea of nolo contendere and that the penalty imposed was within the limits authorized by statute.

Appeal from a determination by the Delaware Alcoholic Beverage Control Commission is governed by 4 Del.C. § 562, which provides in part:

"(a) No license shall be cancelled or suspended, (1) until the licensee has been given a public hearing by the Commission at which time the licensee shall be entitled to legal representation and to present witnesses, and (2) unless the ground therefor shall be established by

---

1. State v. Hopkins, 4 Boyce 306, 88 A. 473 (1913) held that by making such a plea, the accused submits to the court to say whether he is guilty of an infraction of the law as charged. In a strict sense it is not a plea at all but a formal declaration by the accused that he will not contend with the prosecuting authority under the charge. 22 C.J.S. Criminal

Law § 425(1). Most jurisdictions regard this declaration as an implied confession of guilt which has the same effect as a plea of guilty for the purposes of that case only, and therefore may not be entered into evidence as an admission in another proceeding. 28A Words & Phrases "Nolo Contendere"; 22 C.J.S. Criminal Law § 425(4).

clear and convincing evidence. A full and complete record shall be kept of all proceedings incident to such hearing. All testimony shall be recorded but need not be transcribed unless an order of the Commission shall be appealed to the Superior Court as set forth in subsection (c) of this section.

(b) Any order of the Commission relative to suspension or cancellation of a license shall become final 10 days after the licensee receives notice thereof, unless an appeal is timely made.

(c) Within 10 days after receipt of notice of an order of suspension or cancellation of a license by the Commission, the licensee affected thereby may secure judicial review thereof by commencing an action in the Superior Court in the County in which the licensee's place of business is located. No bond shall be required for entering such appeal."

■■■ The judicial review on appeal which the statute appears to envision is limited in scope to whether or not the record establishes clear and convincing evidence in support of the Commission's decision. Assuming, without deciding, that petitioner has a right to bring this appeal, the Court is of the opinion that the Commission's decision rests on unassailable grounds. By its plea of nolo contendere the petitioner did not dispute the charge that it had violated Rule 22. 4 Del.C. § 561 states:

" * * *

b) The Commission may cancel or suspend any license for the sale of alcoholic liquor, if—

1) The licensee has violated any provision of this title or any regulation of the Commission pursuant hereto."

Since the Commission could rightfully have cancelled petitioner's license, the petitioner can hardly, with good grace, complain that mere suspension was capricious and an abuse of discretion.

■■ The only part of the record which might lend weight to petitioner's position are the comments quoted above of the Commission's attorney and of one of its members. These comments were indications that the Commission would not overlook the inference to be drawn from the violation of Rule 22, namely, that liquor was being sold on a Sunday contrary to law. Clearly the sole purpose of the Rule in requiring that bottles be locked in cabinets during times when sales are prohibited is to prevent just such a situation as that in which petitioner was caught. Bartenders were present, unmarked liquor bottles were out, the club's cabinets were open, many people were present consuming alcoholic beverages, and the cash register contained money; yet no actual sales were observed. If the observance of a sale stood as a prerequisite to disciplinary action by the Commission, evasion of the law would be widespread. Rule 22 puts all licensees on notice that their apprehension in certain incriminating circumstances will invite the Commission to draw conclusions unfavorable to their continued status as licensees. Comments by the Commission's members and attorney indicating an awareness of the inference which is the primary justification for Rule 22, and which makes violation of that rule a serious, rather than a minor, offense, cannot form the basis of a valid objection by the petitioner.

Apart from the comments alluded to above, the record is devoid of any possible grounds for claiming that the Commission acted capriciously or abused its discretion. Consequently there is no reason to consider petitioner's suggestion that this Court, notwithstanding the absence of statutory authority, may strike the penalty imposed by the Commission and remand the case for redetermination of penalty, just as the Supreme Court may strike a criminal sentence from a lower court and remand for resentencing if the trial Judge acted capriciously. Osburn v. State, 224 A.2d 52 (1966).

If this Court has such power, it should not be exercised in this case.

For the reasons herein set forth the Commission's motion to dismiss the appeal should be granted.

It is so ordered.