STATE vs. ALLEN SMITH, et al.

To impeach a witness, the inquiry must be as to his character for truth and veracity, and no inquiry can be had whether the witnesses are common prostitutes.

Upon the trial of this cause the respondent introduced several witnesses to impeach the character of Harriet Quackenbush and Rosetta Van Wait as to truth and veracity, whose testimony tended to prove that said witnesses were common prostitutes. This was objected to, and the court decided that the evidence was inadmissible; to which decision the respondents excepted, and the cause passed to this court for revision.

*Mr. Linsley for respondent.*—1. The testimony should have been admitted, because it was well calculated to aid the jury in placing a proper estimate on the credit of the two witnesses sought

ADDISON,
January,
1835.
—————
State
vs.
Smith.

to be impeached. This may well be distinguished from the case where it is offered to be proved a witness has been guilty of some particular crime. The offer here is to prove such a general course of conduct as the party relying on the witness may be able to rebut if untrue, and which if true shows an entire disregard of moral principle.

2. Persons of this description cannot generally be successfully impeached by those possessed of character, for to them they are unknown. It becomes therefore indispensable to resort to this question in order to protect the rights of parties. In England, it is said, the true question is, would you believe the witness on oath? 1 Stark. Ev. 146. And it has been expressly decided in Massachusetts that you may prove a witness to be a common prostitute. *Commonwealth* vs. *Murphy*, 14 Mass. Rep. 387.

*E. N. Briggs, state's attorney.*—The credit of a witness may be impeached by contradicting him by other testimony, or by proof that he gave a different relation, inconsistent with his present testimony, or by general evidence to affect his credit.

The evidence to affect the credit must be as to the character or reputation of the witness in *point of truth.*—Stark. Ev. 147, and notes. Swift's Ev. 143.

The only case which can be cited as an authority for admitting the testimony is the case of the *Commonwealth* vs. *Murphy*, 14 Mass. Rep. 387, and that case has been virtually overruled by the case of the *Commonwealth* vs. *Moore*, 3 Pick. Rep. 194.

In New York the testimony offered is inadmissible.—*Jackson* vs. *Lewis*, 13 John. 504.

The moral character of a witness is not to be inquired into only as it affects his character for truth.

A witness's having the reputation of a common prostitute is no certain correct test of truth. There is no way to ascertain how far the reputation of a prostitute affects her character for truth, but by proving her general character for truth.—*Morse* vs. *Pineo*, 4 Vt. Rep. 281.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question here presented has been directly decided, as appears by the case of *Morse* vs. *Pineo*, 4 Vt. Rep. 281. A similar decision was made in Windsor county. These authorities are decisive on this question. There is no reason why any inquiry should be permitted to impeach the character

ADDISON,
January,
1835.

State
vs.
Smith.

of a witness, except as to his truth and veracity. It is true the practice of most of the vices tend to impair the moral sense, and weaken the force of the obligation to speak or act with a due regard to truth. A continued habit of intemperance has this effect. Thieving, and undoubtedly the practice of the vice which was intended to have been the subject of inquiry in this case, have also the same effect. But if they have this effect, they of course destroy the character of the person for truth; and by limiting the inquiry as to the effect rather than as to the cause, which may or may not produce this effect, a sufficient security is provided against the effect of false testimony from witnesses whose character is such that they are not deserving of credit. If there are any reasons in those states where persons of this description congregate together so as to render it difficult to institute an inquiry as to the general character for truth, and justify a departure from the general principles of law on this subject, there are no such reasons here. The case under consideration shows that there is no necessity here for adopting the rule as established in Massachusetts, *Commonwealth* vs. *Murphy*, 14 Mass. 387. The two witnesses who it was offered to be proved were common prostitutes, were shown to be persons destitute of any character for truth and veracity. The rule adopted in Massachusetts has been expressly repudiated in the state of New York, *Jackson* vs. *Lewis*, 13 John. 504. The inquiry as to the character of a witness is limited in that state as it is in this, to the character for truth and veracity. We are not disposed to introduce a new rule of evidence on this subject. We apprehend the inquiry proposed would be entirely new in our courts of justice, dangerous, and in some cases slanderous, and no equivalent benefit would be derived from permitting such an inquiry.

There is no error in the judgment of the couny court, and judgment must be rendered on the verdict.