## STATE *vs.* GEORGE CARSON.

### Penobscot, 1875.—December 20, 1876.

#### *Evidence.*

When the prisoner was on trial for the murder of one Brawn and a witness in his own behalf; *held*, that on cross-examination it was not competent for the attorney for the state to ask him against objection: "Did you assault Mr. Farrar on the Calais road, while drunk?" and similar questions as to assaults upon other parties while drunk, the subject not having been opened on the examination in chief, and the prisoner having offered no evidence of good character in defense.

ON EXCEPTIONS.

INDICTMENT. The prisoner was tried for the alleged murder of Brawn on board a boat at Milford on the Penobscot river, on the 19th day of July, 1874; and upon the trial the counsel for the defense contended that the parties Carson and Brawn were intoxicated at the time.

The prisoner was put upon the stand as a witness; and in the course of the cross-examination the following questions, against the objection of the prisoner's counsel, were allowed to be asked upon matters not inquired of in chief, and answers given :

*Q.* Did you assault Mr. Farrar on the Calais road, while drunk?

*A.* I do not remember making any assault on anybody only in self-defense.

*Q.* Did you stab your brother William, while drunk ?

*A.* I don't remember.

*Q.* Don't you remember whether you stabbed your brother William three or four times, while drunk ?

*A.* No, sir.

Q. Will you say that you did not?

*A.* I do, sir.

*Q.* Did you assault Mr. Fiske, of Exeter, the hotel keeper, while drunk ?

*A.* No, sir, not that I remember of, till he assaulted me once.

*Q.* Did you assault an old man, there in Exeter, while drunk ?

*A.* No, sir; never.

*Q.* Did you assault Thomas Jordan and Andrew Phnifer, with a pistol, while drunk ?

*A.* I presume that they assaulted me, and I took their pistol away, and gave them what folks in Oldtown and Milford said they deserved.

*Q.* Did you assault Henry Wadleigh, in Oldtown, while drunk?

*A.* I never assaulted him any further than an agreement was made between us.

The verdict was guilty; and the prisoner's counsel alleged exceptions.

*A. Knowles,* for the prisoner.

*H. M. Plaisted,* attorney general, for the state.

LIBBEY, J. The prisoner was on trial for the murder of one Brawn. He was a witness in his own behalf. In his defense he had not put in evidence his previous good character. On cross-examination the counsel for the government was permitted, against objection duly taken, to ask him the following questions: "Did you assault Mr. Farrar on the Calais road, while drunk." Similar questions were allowed to be put to the witness, against objection, as to assaults on several other persons, at different times and places, while drunk. These matters had not been gone into, in the examination in chief. Was this line of examination legally permissible? It must have been admitted for one of two purposes: either as affecting the credibility of the witness, or as tending to prove the crime alleged. A party to a suit may be a witness. If a witness, his examination must be conducted under the same rules that are applicable to the examination of any other witness. To impeach his credibility, it is not competent to prove by other witnesses that he has committed other crimes than the one with which he is charged; nor is it competent to do the same thing by cross-examination. The proper line of cross-examination does not extend so far as to authorize, in that way, the introduction of incompetent evidence. The witness must be prepared to vindicate his general character for truth, and to meet the proper evidence of a prior conviction of an infamous crime. These are matters properly in issue. But he cannot be required to be prepared to vindicate himself against any alleged crime that may be insinuated in the form of cross-examination, and of which he has no previous notice.

We think these principles well settled by the authorities. The evidence was incompetent for the purpose of impeaching the credibility of the witness. The subject is carefully considered and determined in *Holbrook* v. *Dow*, 12 Gray, 357.

Nor was the evidence competent as tending to prove the crime for which the prisoner was on trial. The fact that he had made a violent assault on another person, at a different time and under different circumstances, could have no legitimate effect to prove him guilty of the fatal assault upon Brawn. In *Commonwealth* v. *Thrasher*, 11 Gray, 450, the court states the rule as follows : "as a general rule in criminal trials, it is not competent for the prosecutor to give evidence of facts tending to prove another distinct offense, for the purpose of raising an inference of the prisoner's guilt of the particular act charged. The exceptions are cases where such evidence of other acts has some connection with the fact to be found by the jury, where such other fact is essential to the chain of facts necessary to make out the case, or where it tends to establish the identity of the party, or proximity of the person at the time of the alleged act, or the more familiar case, where guilty knowledge is to be shown or some particular criminal intent. Unless it be made material for some such reasons as we have stated, evidence of the substantive offenses of the like kind ought not to go to the jury." The case at bar does not fall within any exception to the general rule. We think the court erred in allowing the questions to be put to the witness.

*Exceptions sustained.*

DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.