WARREN R. SANFORD *vs.* HAROLD V. LANGLOIS, *Warden.*

MAY 12, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This petition for a writ of habeas corpus was filed on March 28, 1961 and the writ was issued on the same day. On April 12, the return day thereof, the cause was assigned in open court for hearing to April 28, 1961 in order to enable the parties to prepare and file briefs. The petitioner was represented by the public defender. He alleges

in substance that he is being held in custody and illegally deprived of his liberty by the respondent warden at the state adult correctional institutions and prays that this court order his discharge forthwith.

It appears from the record that on September 15, 1958 indictment No. 29021 was returned by the grand jury charging that on May 26, 1958 petitioner broke and entered in the nighttime a certain building in the city of Cranston with intent to commit larceny; that on October 20, 1958 he was arraigned in the superior court; and that on the same day, after pleading nolo contendere to said indictment, sentence was deferred.

It further appears from the record in the indictment that on February 25, 1960 petitioner was brought before the superior court under said indictment on a capias issued on February 24 and that the case was continued to March 10, 1960 for sentence. On the latter date he was sentenced to the adult correctional institutions for a term of three years. After imposing sentence the court stipulated that it was to begin from and after the expiration of the sentence which he was then serving. It is undisputed that the court had imposed said stipulation because it had been erroneously informed by the attorney general's department that petitioner's parole under a previous sentence had already been revoked by the parole board because of his violation of the terms of his parole.

It was subsequently discovered that his parole had not at that time been revoked. Consequently on March 14, 1960 he was again brought before the court. The court was then advised by the attorney general's department that an error of fact had occurred in that petitioner was not then serving any other sentence. It appears from the jacket entries that the entry stipulating that "Said sentence to begin from & after the expiration of sentence now serving" is crossed out. The jacket entry as it now stands states merely that on

March 10, 1960 petitioner was sentenced to the adult correctional institutions for three years and committed.

The petitioner admits that thereafter at its regular monthly meeting in March 1960 the parole board did revoke his parole permit with the stipulation that he was to serve the remainder of his previous sentence from and after the expiration of the sentence imposed on indictment No. 29021.

The petitioner bases the instant petition on his allegations that he received two sentences on indictment No. 29021, the first on March 10 and the second on March 14, 1960; that on March 14, 1960 the superior court vacated the sentence which it had imposed on March 10, 1960; and that on said March 14 it imposed a second sentence of three years on the same indictment to begin as of March 10, 1960.

On the basis of such allegations he contends in substance that the action of the superior court was contrary to the provisions of G. L. 1956, §12-19-10; that he was twice put in jeopardy because he was sentenced twice on the same indictment for the same crime in violation of his constitutional rights, both state and federal; and therefore that the sentence which he alleges was imposed on March 14, 1960 should be vacated and declared null and void.

After careful consideration of all of petitioner's contentions, we are impelled to the inescapable conclusion that they are lacking in merit for the simple reason that the allegations on which he relies find no support in the record. The petitioner's entire case depends upon the correctness of his allegations that the superior court vacated the sentence imposed on March 10, 1960. Assuming without deciding that the superior court had the power to vacate the sentence, there is nothing in the instant record to support the allegation that it did in fact vacate said sentence.

It is clear that after discovery of the inadvertent error of fact relative to the revocation of his parole, the petitioner was brought back to court merely for the purpose of cor-

4

recting the record so that it would correspond with the true and actual facts, namely, that at that time the petitioner was not serving any other sentence. Since he was serving no other sentence it follows that the March 10 sentence would begin at the time it was imposed. The record, as corrected, now corresponds with the facts as they truly existed. There is nothing in the record indicating the imposition of another sentence on March 14, 1960. In the circumstances his constitutional rights were not violated. The statute and the authorities cited by the petitioner are not in point.

The petition for a writ of habeas corpus is denied and dismissed and the writ heretofore issued is quashed.

*Leo P. McGowan,* Public Defender, *Paul E. Kelley,* Assistant Public Defender, for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State.