307 A.2d 539.

STATE *vs.* GENNARO J. TRIVISONNO.

JULY 16, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin and Doris, JJ.

PAOLINO, J.   This case is before us on the state's excep-
tion to the granting by the Superior Court of the defend-

**2**

ant's motion to dismiss an indictment for manslaughter on the ground of double jeopardy.[1]

The double jeopardy clause of the fifth amendment of the Constitution of the United States forbids prosecution for the same offense whether after acquittal or conviction. *Green v. United States,* 355 U.S. 184, 78 S. Ct. 221, 2 L.Ed.2d 199 (1957). In *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969), the United States Supreme Court held that the fifth amendment guarantee against double jeopardy is enforceable against the states through the fourteenth amendment. The question in this case is whether, under that guarantee, a prior conviction of simple assault in the District Court is a bar to a subsequent prosecution for manslaughter arising out of the same incident.

On May 2, 1970, a complaint was brought against defendant by the Providence police in the District Court of the Sixth Judicial District, charging defendant with manslaughter. The defendant pleaded not guilty to this charge and was released on his personal recognizance.

On January 21, 1971, defendant appeared in the District Court, where a motion to amend the complaint from manslaughter to simple assault was made by the prosecutor and granted by the court. To this new amended charge defendant pleaded nolo contendere, and he was placed on probation for six months. The probationary period was served by defendant.

Subsequent to the completion of this probationary period the Grand Jury on August 16, 1971 returned an indictment charging defendant with manslaughter based on the same incident for which he had been placed on probation. The case was assigned for jury trial on February.

---

[1]This case was tried in the Superior Court prior to the inception of the new Rules of Criminal Procedure effective September 1, 1972. Therefore, we will use the nomenclature of the old rules.

28, 1972, whereupon defendant filed a motion to dismiss the indictment, one of the grounds being that it was violative of defendant's right against being placed in double jeopardy under the fifth and fourteenth amendments of the United States Constitution. The defendant's motion was granted by the Superior Court and the state took an exception, which it now prosecutes to this court.

In its brief the state contends that the subsequent indictment against defendant for manslaughter did not place him twice in jeopardy for the same offense. The state gives two reasons for this argument, namely, (1) that the District Court did not have jurisdiction over the offense of manslaughter, and (2) that assault and manslaughter are two separate and distinct offenses both in law and in fact.

In addressing ourselves to the first of these two contentions, the District Court's lack of jurisdiction over the offense, the Superior Court noted that the state's argument rested primarily with the decision in *State* v. *Pearson,* 49 R. I. 386, 143 A. 413 (1928). In that case the court stated that jeopardy did not attach unless the District Court had jurisdiction over the offense charged and could convict defendant of the greater charge. In view of this precedence, the state contends that there was no violation of defendant's rights.

Notwithstanding our decision in *State* v. *Pearson, supra,* the state's first argument is without merit in view of the decision of the United States Supreme Court in *Waller* v. *Florida,* 397 U. S. 387, 90 S. Ct. 1184, 25 L.Ed.2d 435 (1970), which is controlling in this case.

In *Waller,* the petitioner was one of a number of persons who removed a canvas mural from the City Hall in St. Petersburg, Florida. Charges were brought against the petitioner and he was convicted in a Florida municipal court for violating two ordinances, destruction of city prop-

4

erty and disorderly breach of the peace. Later, on the same set of facts, he was convicted of grand larceny in the Circuit Court.

In its decision the Supreme Court asserted that the power of the two courts within the same state to place the petitioner on trial for the same crime under the dual or separate sovereignty theory was in error. This theory was an anachronism when applied to the state and its municipalities. *Waller* v. *Florida, supra* at 394-95, 90 S. Ct. at 1188-89, 25 L.Ed.2d at 440.

The Court went on to say that it acted

"* * * on the statement of the District Court of Appeal that the second trial on the felony charge by information 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances' and on the assumption that the ordinance violations were included offenses of the felony charge. *Id.* at 390, 90 S. Ct. at 1186, 25 L.Ed.2d at 438.

These facts are not dissimilar to the ones in the case at bar. Assault is an included offense and an essential element of the crime of manslaughter not a separate offense as the state contends. 3 Underhill, *Criminal Evidence* §684 at 1624-25 (5th ed. 1957); 6 Am. Jur.2d *Assault & Battery* §57 at 53-54 (1963).

In the later case of *Robinson* v. *Neil*, 409 U. S. 505, 93 S. Ct. 876, 35 L.Ed.2d 29 (1973), the Supreme Court extended the doctrine of *Waller* by making it retroactive. In doing this the Court expressed its cognizance of the different degrees of offenses charged in the Superior and District Courts. It stated:

"The application of *Waller* retrospectively may, on the other hand, result in a form of prejudice to the State because, in reliance upon the 'dual sovereignty' analogy, the municipal prosecution may have occurred first and the sentence already have been served prior to the commencement of the state prosecution. If the offense involved was a serious one under state law, as

it apparently was in this case, the defendant may have been unintentionally accorded a relatively painless form of immunity from the state prosecution. But the Court's opinion in *Waller* makes clear that the analogy between state and municipal prosecutions, and federal and state prosecutions permitted in *Bartkus* v. *Illinois*, 359 U. S. 121, [79 S. Ct. 676, 3 L.Ed.2d 684] (1959), had never been sanctioned by this Court and was not analytically sound." *Id.* at 510, 93 S. Ct. at 879, 35 L.Ed.2d at 34.

A recent Texas case *Benard* v. *State*, 481 S.W.2d 427 (Tex. Crim. App. 1972), was decided under the holding in *Waller* v. *Florida, supra.* In the *Benard* case the defendant had been convicted in municipal court for operating a motor vehicle without a valid operator's license in his immediate possession. Later, he was tried by the state on a charge of operating a motor vehicle while his license was suspended. At the time of his first trial the state was cognizant of the fact that he had a suspended license. The second trial was based on the same *acts* as the first charge. The court concluded by saying:

"We hold only that, in light of *Waller* v. *Florida, supra,* a judgment of acquittal or conviction in a court of competent jurisdiction is a bar to a further prosecution *for the same offense,* * * * regardless of whether the court in which the first prosecution was had was without jurisdiction to try the higher grade of the offense." *Benard* v. *State, supra* at 431.

The state's exception to the ruling granting the defendant's motion to dismiss is overruled. The case is remitted to the Superior Court.

Motion to reargue denied.

Mr. Justice Kelleher did not participate.

*Richard J. Israel,* Attorney General, *Bennett R. Gallo,* Special Asst. Attorney General, for plaintiff.

*Kelly, Kelleher & Butterfield, Charles Butterfield, Jr., John E. Fuyat,* for defendant.