**322 A.2d 27.**

VINCENT V. NARDONE *vs.* JAMES MULLEN, *Warden.*

JULY 9, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. On August 11, 1972, Vincent V. Nardone waived indictment and pleaded nolo contendere in the Superior Court to a complaint charging him with breaking and entering a building in the nighttime in violation of

G. L. 1956 (1969 Reenactment) §11-8-4. After the trial justice satisfied himself that the defendant was informed and aware of the nature of that plea and its effect as a waiver of fundamental rights, he inquired about matters germane to sentencing. The prosecutor then related the details of the offense charged, stated that the Bureau of Criminal Identification at that time had no record of any previous offense by the defendant, and requested the court to inquire whether the defendant had a criminal record. Thereupon, defense counsel advised the trial justice that her client was willing to waive a presentence report and that he had informed her that he "[had] not been before a court and [had] no record of conviction." The trial justice then accepted the prosecutor's recommendation that the defendant be given a deferred sentence.

Soon thereafter, however, it was learned that defendant did in fact have a prior criminal record in other states. It included court appearances on charges of assault and battery with a knife, carrying a concealed weapon, burglary, and armed robbery. On some he received suspended or probationary sentences, and on others he served time. That information prompted the state's motion to vacate the deferred sentence, which was granted on October 10, 1972. The trial justice then offered defendant the choice of having only his sentence vacated, or the nolo plea and waiver of the indictment as well. The defendant chose the first option and stood on his nolo contendere plea. The case was then continued for a presentence report and disposition, and on November 13, 1972, he was sentenced to serve a term of two years.

Almost a year elapsed before defendant challenged those procedures in this court. On October 16, 1973, he filed a petition for a writ of habeas corpus alleging, in substance, that he had been sentenced twice for the same offense in

violation of the constitutional ban against double jeopardy.[1] We treated that petition as one for certiorari and, recognizing that under *Case* v. *Nebraska,* 381 U. S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965), and *Fay* v. *Noia,* 372 U. S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), an accused is entitled to be protected in the enjoyment of his constitutional rights, we ordered the writ to issue. *Nardone* v. *Mullen,* 112 R. I. 934, 313 A.2d 383 (1974).[2]

Before us, the state counters defendant's double jeopardy contention with the twofold argument that defendant was not placed in jeopardy by his plea of nolo contendere, and that even if he were, a sentence procured by an accused's fraudulent representations will not support a claim of double jeopardy.

The first of these grounds requires but little consideration, it being clear in this state that a plea of nolo con-

---

[1]That portion of the fifth amendment to the Constitution of the United States which provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," is made obligatory upon the states by the fourteenth amendment. *Benton* v. *Maryland,* 395 U. S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The double jeopardy provision of the state constitution read until recently: "No person shall, after an acquittal, be tried for the same offense." R. I. Const. art. I, sec. 7. It now reads: "No person shall be subject for the same offense to be twice put in jeopardy." R. I. Const. amend. XXXIX (adopted November 6, 1973), as originally reported in G.L. 1956 (1969 Reenactment) 1973 pocket supplement, and R. I. Const. amend. XL (adopted November 6, 1973), as reported subsequently in G.L. 1956 (1969 Reenactment) 1974 pocket supplement.

We should note that this petition makes somewhat the same challenge as was made in *Sanford* v. *Langlois,* 93 R. I. 1, 170 A.2d 283 (1961). In that case, however, we did not reach the constitutional issues because we found that the petitioner's original sentence had not been vacated, nor a new sentence imposed.

[2]Nardone, although in custody when he applied for the writ of habeas corpus, was placed on parole while the case was pending in this court. That he is no longer in custody does not necessarily render his petition moot. *Carafas* v. *LaVallee,* 391 U. S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

tendere, once accepted, becomes an implied confession of guilt, and imposition of sentence follows as a matter of course.[3] Thus, for the purpose of the case in which it was entered, such a plea is equivalent to one of guilty. *North Carolina* v. *Alford*, 400 U. S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Hudson* v. *United States*, 272 U. S. 451, 455, 47 S.Ct. 127, 129, 71 L.Ed. 347, 349 (1926); *Cole* v. *Langlois*, 99 R. I. 138, 140-41, 206 A.2d 216, 217-18 (1965); *State* v. *McElroy*, 71 R. I. 379, 392, 46 A.2d 397, 403 (1946); see *Doughty* v. *Dé Amoreel*, 22 R. I. 158, 46 A.838 (1900); see generally Lenvin & Meyers, *Nolo Contendere: Its Nature and Implications,* 51 Yale L.J. 1255 (1942); Annot., 89 A.L.R.2d 540, 579-84 (1963). And even the state concedes that the same consequences, including the attachment of jeopardy, attend the entry of a plea of guilty as attend the rendition of a jury verdict of guilty. *United States* v. *Jerry,* 487 F.2d 600, 606 (3d Cir. 1973); *Riadon* v. *United States,* 274 F.2d 304, 306 (6th Cir.), *cert. denied,* 364 U. S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189 (1960); *Commonwealth* v. *Therrien,* 359 Mass. 500, 503, 269 N.E.2d 687, 690 (1971). It follows that the entry of defendant's plea of nolo was as much a conviction as would have been a jury's verdict of guilty against him, and that jeopardy attached in this case upon acceptance of his plea of nolo contendere.[4]

---

[3]In *Lott* v. *United States,* 367 U. S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961) (5-4 decision), however, the Supreme Court held that it was the judgment of conviction plus the sentence, rather than the mere acceptance of the plea of nolo contendere, which constituted a "determination of guilt" within the contemplation of Fed. R. Crim. P. 34.

[4]There is a paucity of authority elsewhere on whether acceptance of a plea of nolo contendere from an accused places him in jeopardy. *See* Annot., 89 A.L.R.2d 540, 599 (1963). The state relies on *Stewart* v. *United States,* 300 F. 769, 776-77 (8th Cir. 1924), which focused on the disposition, rather than the acceptance, of a plea of nolo contendere, and held that an accused who receives a *deferred* sentence on such a plea is not placed in jeopardy.

What remains to be decided is whether the Superior Court was foreclosed by double jeopardy or other principles from vacating the deferred sentence imposed in reliance upon defendant's material misrepresentations, and then imposing a more severe sentence.

That question is one of first impression in this state, and it raises issues of fundamental importance to a due and proper administration of criminal justice. Nevertheless, defendant has neither briefed nor argued the question, and the state's research has led mainly to cases in which a defendant, rather than the state, moved to vacate a sentence.[5] In the normal context, those cases present no double jeopardy problem and are therefore of no assistance.

The state, moreover, refers us to *United States* v. *Jerry, supra,* for the principle that the Superior Court had inherent power to reopen a sentence which had been procured by defendant's fraud. While we have no quarrel with that general principle, it was not applied in *Jerry* as a means of overriding the constitutional mandate against twice exposing a defendant to jeopardy for the same offense. That case is clearly distinguishable on its facts and can in nowise be considered as precedential on the issue before us.[6]

---

[5]On such a motion, the general rule is that a sentence should be vacated as violative of due process if the trial justice, in exercising his sentencing discretion, relies on materially false assumptions concerning an accused's prior criminal record. *United States* v. *Tucker,* 404 U. S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend* v. *Burke,* 334 U. S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States* v. *Malcolm,* 432 F.2d 809, (2d Cir. 1970); *United States ex rel. Jackson* v. *Myers,* 374 F.2d 707, 710-12 (3d Cir. 1967).

[6]In that case, an order allowing an accused to withdraw a guilty plea was rescinded on the government's motion as improvidently granted, and the trial court then refused to grant the accused's renewed attempt to withdraw his guilty plea. On appeal, it was held that the accused, who had previously asked the court to remove him from the jeopardy of a guilty plea, had thereby "clearly consented to being 'twice put in jeopardy.'" *United States* v. *Jerry,* 487 F.2d 600, 606 (3d Cir. 1973).

420

In the circumstances, it seems to us that a proper consideration of this case demands more assistance than we have received on the question of whether or not the Superior Court was empowered to vacate the defendant's deferred sentence and then to impose upon him a more severe sentence. Accordingly, the parties are directed to rebrief that issue. The state's brief shall be filed on or before August 19, 1974, the defendant's brief shall be filed within 20 days after the filing of the state's brief, and the case shall then be placed on the current argument list pursuant to Rule 22 of our rules.

It is so ordered.

Mr. Chief Justice Roberts did not participate.

*William J. Burke, William P. Butler,* for petitioner.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.