STATE

v.

Dennis M. KANE.

No. 84–391–M.P.

Supreme Court of Rhode Island.

Feb. 27, 1985.

Dennis J. Roberts II, Atty. Gen., Louis M. Pulner, Sp. Asst. Atty. Gen., Providence, for plaintiff.

William L. Bernstein, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before us pursuant to an order directed to the state to show cause why the petition for certiorari should not be granted and the decision of the District Court quashed in light of the fact that the District Court justice apparently erred in refusing to dismiss the complaint against the petitioner under the circumstances here present. The travel and pertinent facts of the case are as follows.

The defendant was charged with the offense of driving under the influence of intoxicating liquor in violation of G.L.1956 (1982 Reenactment) § 31–27–2. At the same time defendant was charged with refusal to take a breathalyzer test pursuant to G.L.1956 (1982 Reenactment) § 31–27–2.1 in respect to which civil penalties were eventually imposed. Ultimately a trial of the misdemeanor charge was held in the Seventh Division of the District Court on September 22, 1983. The defendant was found guilty as charged and was sentenced to pay a fine as a first offender in accordance with the statute.

Thereafter, defendant appealed his sentence and conviction to the Superior Court in accordance with the provisions of G.L. 1956 (1981 Reenactment) § 12–22–1 and Rule 37 of the District Court Rules of Criminal Procedure. Thereafter, the case was assigned for hearing on January 20, 1984. At that time a representative of the Department of the Attorney General dismissed the case against defendant pursuant to the provisions of Rule 48(a) of the Superior Court Rules of Criminal Procedure.

Subsequently, the state moved to vacate the dismissal. On February 3, 1984, after hearing, a justice of the Superior Court denied the motion to vacate the Rule 48(a) dismissal.

Thereafter, the state filed a new charge in the District Court for the Seventh Division relating to the same transaction that had been the subject of the original charge filed and subsequently dismissed in the Superior Court. The defendant moved to dismiss this new charge in the District Court on various grounds. A justice of the District Court denied the motion.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the justice of the District Court erred in declining to dismiss the newly filed charge. When the initial complaint was tried in the District Court and was subsequently appealed to the Superior Court, all questions of fact and law were removed to the Superior Court, and the District Court had no further jurisdiction to act in respect to the case. See State v. McGuire, 90 R.I. 301, 157 A.2d 657 (1960). While the dismissal under Rule 48(a) was not an adjudication on the merits, it did terminate the prosecution in the Superior Court. The state sought to vacate the dismissal, and such motion was denied. The order of the Superior Court denying said motion was not appealed.

We are of the opinion that the Attorney General could not confer jurisdiction upon the District Court by filing a new complaint. When the District Court had entered its judgment of conviction on the initial complaint, it had completely exhausted its jurisdiction in the matter. Such jurisdiction, once lost, could not be restored.

The state cites in support of its position Lemieux v. State, 240 A.2d 206 (Me.1968). This case was decided wholly on double-

jeopardy grounds and dealt with the question of whether a person might be indicted for assault of an aggravated nature after he had been found guilty of simple assault in the District Court and appealed his dismissal to the Superior Court and while the misdemeanor charge was still pending in the Superior Court. The Supreme Judicial Court of Maine held that double jeopardy did not preclude such an indictment since there had been no final conviction. This decision has no relevance to the controversy at bar.

For the reasons stated, the petition for certiorari is granted. The order of the District Court declining to dismiss the complaint is hereby quashed, and the papers in the case are remanded to the District Court with our decision endorsed thereon.

KELLEHER, J., did not participate.