**STATE**

v.

**Hugo R. MAINELLI, Jr.**

No. 87–92 C.A.

Supreme Court of Rhode Island.

July 12, 1988.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., for plaintiff.

Joseph A. Kelly, Marc DeSisto, Carroll, Kelly & Murphy, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This is the state's appeal from a Superior Court judge's order granting the defendant's motion to dismiss an indictment that charged the defendant with three counts of violating G.L. 1956 (1984 Reenactment) § 36–14–16 and § 36–14–18, this state's conflict-of-interest law. We overrule the trial judge and reinstate the original indictment and agree with the state's contention that the prosecutor's remarks during the grand-jury proceedings were not sufficiently prejudicial as to warrant a dismissal of the indictment in light of a prior District Court adjudication. The pertinent facts of this case are as follows.

In April 1986 a Providence County grand jury returned an indictment charging that defendant, Hugo R. Mainelli, Jr., failed to disclose fully his financial interest in a corporation, as required by the State Conflict of Interest Commission. As a member of the Board of Directors of the Rhode Island Health and Educational Building Corporation, defendant held a public position and was required by law to file a conflict-of-interest statement with the Conflict of Interest Commission. §§ 36–14–16 and 36–14–18. The statement required that he list all corporations in which he, his spouse, or any of his dependent children held a financial interest. The defendant filed such a statement for the calendar years 1976 and 1977. He resigned from the building corporation in July 1977 and was reappointed in late 1979, and thus he subsequently filed statements for the years 1979 through 1986.

The defendant contends that the only wrong he committed was inadvertently to fail to list a subsidiary corporation of a parent holding corporation (that he did list) in which he held a majority financial interest. Although defendant has proffered the argument that fundamental fairness would necessitate his being given an opportunity to amend his statement, that issue is beyond the scope of this court's jurisdiction in light of the fact defendant had already stood trial on the merits of the case in District Court.

That trial was a nonjury trial held before a single judge of the District Court, and on September 3, 1986, defendant was found guilty as charged on all three misdemeanor counts. The defendant thereafter filed an appeal to the Superior Court seeking a *de novo* trial, pursuant to statutory authority. G.L. 1956 (1981 Reenactment) § 12–22–1. Prior to the trial, defendant also filed a motion in Superior Court to dismiss the grand-jury indictment, alleging that during the grand-jury proceedings the prosecutor presenting the case engaged in misconduct by way of improper remarks. The crux of defendant's allegation was that the prosecutor engaged in a colloquy with the grand jurors that indicated that defendant had previously been indicted on a charge of perjury, which had been dismissed, and that an appeal by the state on that charge was pending before this Supreme Court. In addition, defendant alleged that the prosecutor's remark to the grand jurors that he would have the indictment typed up while they voted unfairly prejudiced their independent deliberations. The Superior Court judge agreed with this claim and dismissed the indictment "without prejudice."

The state strongly argues that this dismissal in actuality was with prejudice, since a new indictment would again have to be tried in District Court, a court that had already heard the case on its merits and rendered a verdict and thus had exhausted its jurisdiction. *State v. Kane*, 488 A.2d 707 (R.I. 1985). We, however, decline to address this issue and shall confine our analysis to the alleged prosecutorial misconduct during the grand-jury proceedings and its relationship to the dismissal of the indictments.

■ Although we believe the comments made by the grand-jury prosecutor may have been inappropriate, we do, however, hold that under the present case law these comments are not of the flagrant and overbearing nature that would justify a dismissal of a grand-jury indictment.

This court has consistently stated that the dismissal of an indictment on the grounds of prosecutorial misconduct is an extraordinary sanction reserved for very limited and extreme circumstances. *State v. Chakouian*, 537 A.2d 409, 413 (R.I. 1988); *State v. Wilshire*, 509 A.2d 444, 448 (R.I. 1986); *State v. Romano*, 456 A.2d 746, 750 (R.I. 1983).

This court recently enunciated the severity of the remedy of dismissal of an indictment in *State v. Manocchio*, 497 A.2d 1 (R.I. 1985), where the defendants alleged that bias and frivolity tainted the grand-jury process:

> "[W]e would first note that the remedy they seek, dismissal of an indictment, is an extraordinary one. To dismiss an indictment because of such misconduct means that even though a petit jury has unanimously found a defendant guilty beyond a reasonable doubt, we would nevertheless void his or her conviction because the prosecution has made a misstep in obtaining a grand-jury determination of probable cause. Hence, the sanction sought is reserved for very limited and extreme circumstances." 497 A.2d at 12; *see State v. Romano*, 456 A.2d 746 (R.I. 1983).

■ Although in the instant case there was no trial before a petit jury, there was a full trial on the merits. Furthermore this court has recently reaffirmed the *Costello* rule, which states that, notwithstanding a defendant's allegations of irregularity, an indictment returned by a legally constituted grand jury calls for a trial on the merits. *State v. Wilshire*, 509 A.2d at 448 (citing *Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 408–09, 100 L. Ed. 397, 402–03 (1956)). Quite clearly the facts in the case at bar indicate that dismissal would be inappropriate since defendant's case has already been tried on the merits in an adversarial proceeding in the District Court. The United States Supreme Court, as well as this court, has held that a trial on the merits renders harmless any defect that occurred during the grandjury process. *United States v. Mechanik*, 475 U.S. 66, 70, 106 S. Ct. 938, 942, 89 L. Ed. 2d 50, 56 (1986); *State v. Wilshire*, 509 A.2d at 448; *State v. Manocchio*, 497 A.2d at 12; *see also State v. Heredia*, 493 A.2d 831 (R.I. 1985).

■ The defendant's contention that the statement made by the grand-jury prosecutor that he "would have the indictment typed up while they voted" does not in our view create an overbearing atmosphere that would emasculate the will of the grand jury. We have previously stated that as a practical matter grand juries are well aware that they are listening to evidence about a particular case simply because the prosecutor believes that an indictment is merited. *State v. Romano*, 456 A.2d 746, 751 (R.I. 1983), (approving *United States v. Cederquist*, 641 F.2d 1347 (9th Cir. 1981)).

In this light, most jurisdictions agree that the grand-jury proceeding is a one-sided affair that affords prosecutors great latitude in their comments before the grand jury. *See* 2 LaFave & Israel, *Criminal Procedure*, § 15.5 at 324–26 (1984); Lawless, *Prosecutorial Misconduct*, § 2.13, at 55 (1985); *cf. United States v. Hogan*, 712 F.2d 757, 761 (2d Cir. 1983); *United States v. Serubo*, 604 F.2d 807, 818 (3d Cir. 1979); *State v. Good*, 10 Ariz. App. 556, 460 P.2d 662 (1969) (comments made by a prosecutor to depict a defendant as a bad person rather than support additional charges held prejudicial as they inflame the grand jury unfairly against the defendant).

In addition we further agree with the Ninth Circuit Court of Appeals that absent any evidence that the grand jury did not review the indictment and adopt it as its own, there really would be no reason to dismiss the indictment. *United States v. Cederquist*, 641 F.2d 1347, 1353 (9th Cir. 1981) (citing *United States v. Chanen*, 549 F.2d 1306, 1312 (9th Cir. 1977)). In the case at bar, no evidence has established

that the grand jury did not adopt the indictment as its own.

Our decision today is completely in accord with a recent United States Supreme Court case, where the Court stated that dismissal of an indictment is appropriate only "if it is established that the violation substantially influenced the grand jury's decision to indict" or if there is "grave doubt" that the decision to indict was free from substantial influence of such violations. *The Bank of Nova Scotia v. United States,* —— U.S. ——, ——, 108 S.Ct. 2369, ——, 101 L.Ed.2d 228 (1988) · (quoting *United States v. Mechanik,* 475 U.S. at 78, 106 S. Ct. at 945–46, 89 L. Ed. 2d at 60–61).

For the reasons heretofore stated, the state's appeal is sustained, the judgment appealed from is vacated, and the matter is remanded to the Superior Court for a trial on the merits.