**STATE**

**v.**

**Frank P. KENNEDY.**

**No. 88–466–C.A.**

Supreme Court of Rhode Island.

April 10, 1989.

James E. O'Neil, Atty. Gen., Annie Goldberg, Asst. Atty. Gen., for plaintiff.

George M. Muksian, Providence, for defendant.

## OPINION

**PER CURIAM.**

This case came before the court for oral argument March 7, 1989, pursuant to an order that had directed the defendant to appear in order to show cause why the state's appeal from the dismissal of a four-

count felony indictment against the defendant should not be sustained.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice erred in dismissing this indictment. General Laws 1956 (1981 Reenactment) § 14-1-7.1, as amended by P.L.1985, ch. 98, § 1 reads as follows:

"*A child sixteen (16) years of age or older who has been found delinquent for having committed two (2) offenses after the age of sixteen (16) which would render said child subject to an indictment if he were an adult,* shall be prosecuted for all subsequent crimes by a court which would have jurisdiction of such offense if committed by an adult. Whenever proceedings are instituted in the family court against a child subject to prosecution as an adult pursuant to this section, the family court shall order transfer of jurisdiction over such child to the appropriate court and may order the child remanded to custody pending prompt initiation of proceedings in such court." (Emphasis added.)

We construe the term "subject to an indictment" as set forth in § 14-1-7.1 to mean an indictable offense. Such indictable offense need not be limited to those offenses that are punishable by life imprisonment but would include any felony that would be cognizable by a grand jury, even though said felony could at the option of the Attorney General be the subject of an information.

We are also of the opinion that the alleged irregularities before the grand jury did not warrant dismissal of the indictment. *See State v. Mainelli,* 543 A.2d 1311 (R.I. 1988); *State v. Wilshire,* 509 A.2d 444 (R.I. 1986).

Consequently the judgment of dismissal is hereby vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.