**STATE**

v.

**John DEGNAN.**

**No. 90–227–C.A.**

Supreme Court of Rhode Island.

March 11, 1991.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., John E. Sullivan, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld and Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

PER CURIAM.

On February 5, 1991, the state, through its counsel, appeared before this court to show cause why the state's appeal should not be summarily denied and dismissed.

On May 9, 1988, John Degnan (Degnan) was charged in the Sixth Division District Court by the Cranston police with driving under the influence of liquor, second offense. Degnan was released on $1,000 personal recognizance. Trial was scheduled for May 31, 1988. On that date the police had still not verified the first conviction. Consequently on the date of trial Degnan entered a nolo contendere plea to the driving-under-the-influence-of-liquor charge and was treated as a first offender since the police had been unable to verify a prior conviction. When Degnan pleaded nolo contendere to the amended charge on May 31, 1988, the trial judge imposed a fine of $394 plus costs and other assessments. Degnan also suffered the loss of his driver's license for a period of three months.

Shortly after the plea had been taken and sentence imposed, the trial judge apparently received evidence of Degnan's first conviction.[1] When Degnan appeared in the District Court on June 3, 1988, to pay his fine, he was ordered to appear on June 7, 1989, before the District Court judge who had previously sentenced him. Later the District Court judge, acting pursuant to Rule 35 of the District Court Rules of Criminal Procedure, corrected the sentence by increasing the penalties to those for a second offense. From this sentence, Degnan appealed to the Superior Court where a trial de novo was held. In early April 1990 a Superior Court justice dismissed the state's complaint against Degnan on the grounds of double jeopardy. The state has taken an appeal from this determination.

■ Initially we would point out that Rule 35 authorizes a District Court judge to correct sentences that are illegal or imposed in an illegal manner. Here Degnan had received an appropriate sentence for one who had been convicted of driving "under the influence of intoxicating liquor."

■ In *Nardone v. Mullen*, 113 R.I. 415, 417–18, 322 A.2d 27, 29 (1974), this court emphasized that the plea of nolo contendere, once accepted, becomes an implied confession of guilt, and the imposition of a sentence follows as a matter of course. Thus for the purpose of the case in which the plea is entered, it is equivalent to one of guilty. *Id.* at 418, 322 A.2d at 29. In *Nardone* the court also emphasized that the entry of the plea of nolo was as much a conviction as a jury's verdict of guilt would have been and that in such circumstances jeopardy attaches upon the acceptance of the defendant's plea of nolo contendere. *Id.*

Here it should be pointed out that Rule 35 limits a District Court judge's authority to correct sentences that are illegal or those that are imposed in an illegal manner. It is our belief that Degnan's sentence for driving under the influence, first offense, was legal and imposed in a legal manner. Degnan received an appropriate sentence for a first-offense charge. It should be noted that the nolo plea came only after the state had amended its complaint.

■ In *State v. Kane*, 488 A.2d 707, 708 (R.I.1985), this court pointed out that when a District Court enters a judgment of conviction on an initial complaint, jurisdiction is completely exhausted. Such jurisdiction, once lost, cannot be restored. *Id.* Having in mind what we said earlier in this opinion, we find it obvious that the District Court lacked jurisdiction to resentence Degnan relying upon information verified after the entry of the conviction of driving under the influence, first offense.

The state's appeal is denied and dismissed; the judgment appealed from is affirmed.

---

1. Degnan's initial conviction had been imposed in the District Court's Sixth Division in late October 1987.