STATE

v.

**Richard TESSIER.**

**No. 90–503–C.A.**

Supreme Court of Rhode Island.

May 2, 1991.

**1200**

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Patrick Youngs, III, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

**PER CURIAM.**

On April 12, 1991, the defendant, Richard Tessier (Tessier), by his counsel, appeared before this court to show cause why his appeal from a Superior Court order denying his pretrial motion to compel election with respect to various counts in a criminal information lodged against him should not be summarily denied and dismissed.

The police contend that on December 23, 1989, Tessier approached a car in which Kim Boucher was the driver and Kathleen Crawley was a passenger. According to the police Tessier fired a gun through the window of the car and shot Kim Boucher in the face and abdomen. Although the shots were not fatal, Kim Boucher did sustain serious injuries. Kathleen Crawley was also injured. Her injuries were caused by glass that flew from the windshield of the car.

Tessier was charged with the following offenses: count 1, assault with intent to murder Kathleen Crawley; count 2, assault with intent to murder Kim Boucher; count 3, assault with a dangerous weapon upon Kathleen Crawley; count 4, assault with a dangerous weapon upon Kim Boucher; count 5, entering a building with intent to commit larceny; count 6, larceny of a firearm; and count 7, committing a crime of violence while armed.

Tessier filed a motion that sought to compel the state to make an election regarding on which count (2, 4, or 7) the state would proceed. However, in mid-June 1990 a trial justice denied Tessier's motion.

No one disputes the fact that the same set of facts gives rise to the charges as contained in counts 2, 4, and 7. Consequently Tessier argues that the information is multiplicious and a violation of his Federal and State Constitutional protections against double jeopardy. He also asserts that counts 4 and 7 are lesser included offenses of count 2 and do not require proof of any additional facts.

We believe that defendant's right to be free of the threat of double jeopardy would be violated if he were convicted and sentenced on all three charges because two counts are lesser included offenses of the third count. *State v. Grullon*, 117 R.I. 682, 685–86, 371 A.2d 265, 267 (1977). However, we believe that the state may prove any one of these charges at trial if the evidence elicited supports a guilty verdict. It should be noted that the trial justice must properly instruct the jury on the specific counts that he or she determines should be considered, relying upon the evidence presented.

Although a defendant in a criminal trial is entitled to an instruction on a lesser included offense if warranted by the evidence, it should be emphasized that the trial justice here must further instruct the jury on how to treat lesser included offenses because this defendant may not be found guilty of more than one of the three charges.

Since the defendant is "effectively put on notice of the possible conviction of a lesser offense supported by the evidence," such an individual "may adequately prepare a defense." *State v. Dordain*, 566 A.2d 942, 946 (R.I.1989). We would also stress that the state may properly charge the defendant with a lesser included offense in an information. The trial justice

was correct in denying Tessier's motion to compel election.

For these reasons we believe Tessier has failed to show cause. Accordingly his appeal is denied and dismissed.