[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The defendant, Mario Carnavale, has filed a pretrial motion to dismiss the indictment charged against him. First, defendant maintains that the grand jury was unduly prejudiced by inflammatory comments made by a prosecution witness. Defendant further argues that absent the inflammatory comments there was no evidence presented to the grand jury upon which to indict him. Finally, defendant contends that Counts IV, V, and VI and Counts X, XI and XII are multiplicitous and should be dismissed.
The Rhode Island Supreme Court has long viewed dismissal of an indictment as an extraordinary remedy. State v. Chiellini,557 A.2d 1195, 1199 (R.I. 1989). Generally an indictment returned by a legally constituted grand jury calls for a trial on the merits. State v. Mainelli, 543 A.2d 1311, 1313 (R.I. 1988). Only prosecutorial conduct of a flagrant and overbearing nature that disturbs the integrity of the grand jury indictment will be grounds for dismissal. Id.
The defendant contends that references by prosecution witness, Richard Walker, concerning the defendants alleged misconduct in the State of Maine prejudiced the grand jury. The grand jury testimony reveals two separate references to defendants alleged conduct in Maine. Both references were in response to questions concerning deposits made by the defendant at a bank in Maine and explained his relationship to the state. These statements, while improper, are not of the flagrant and overbearing nature necessary to warrant dismissal. There is no evidence that these statements substantially influenced the grand jury decision to indict. See State v. Mainelli,543 A.2d 1311, 1314 (1988) quoting The Bank of Nova Scotia v. U.S.,487 U.S. 250, 108 S.Ct. 2369 (1988). (Dismiss only if substantially influenced or grave doubt that its free from influence). The defendant's motion to dismiss due to the inflammatory statements of prosecution witness, is denied.
Defendant next contends that there is no independent evidence of any criminal activity before the grand jury. This argument is without merit. Defendant bases this argument wholly on the testimonial evidence and ignores the documentary evidence introduced and used as an exhibit. The grand jury need only be reasonably satisfied that it is more likely than not that a crime was committed. Chiellini, at 1201. The State has introduced evidence of each element of the offenses. In view of the minimal standard necessary to indict and the evidence presented to the grand jury, this Court will not disturb the grand jury's decision.
Defendant seeks dismissal of Counts IV, V, VI, compounding a felony, and Counts X, XI, XII, aiding and abetting embezzlement, on the grounds that they are incongruous with other charges. Defendant cites authority to support the argument that one who is the receiver of stolen goods cannot be the embezzler of those same goods. Likewise, defendant argues that one who is charged with embezzlement cannot also be charged with compounding or concealing that same felony. While the defendant cannot be convicted of multiplicitous charges, the State is not required to make an election of the counts upon which it will proceed to trial. State v. Tessier, 589 A.2d 1199, 1200 (R.I. 1991). The State may proceed to trial on alternative charges and at trial the trial judge must instruct the jury on which counts to consider in view of the evidence. Id.
For the reasons set forth above, this Court denies defendants motion to dismiss the indictment.