STATE

v.

Joanne GAZZERO.

No. 92–357–C.A.

Supreme Court of Rhode Island.

Dec. 17, 1992.

ORDER

This case came before the Supreme Court on December 9, 1992, pursuant to an order directing both parties to appear and show cause why this appeal should not be summarily decided.

The defendant appeals from the decision of the Superior Court vacating her plea agreement with the state. After hearing the arguments of the parties and examining the memoranda filed, we are of the opinion that cause has been shown by defendant.

Jeopardy attached once the trial justice accepted defendant's plea of nolo contendere and imposed a sentence. *See Nardone v. Mullen*, 113 R.I. 415, 322 A.2d 27 (1974). The trial justice's decision to vacate the defendant's plea therefore violated the defendant's right under the double jeopardy clause. *See Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *State v. Trivisonno*, 112 R.I. 1, 307 A.2d 539 (1973).

Consequently, we summarily sustain the defendant's appeal and reverse the Superior Court's decision vacating the defendant's conviction and sentence.

Mary A. ALBEE et al.

v.

CRANE COMPANY et al.

No. 92–48–Appeal.

Supreme Court of Rhode Island.

Dec. 18, 1992.

ORDER

This matter was before the Supreme Court pursuant to an order issued to the plaintiff to appear and show cause why her appeal should not be summarily denied and dismissed. In this case the plaintiff had appealed from a decision of the Superior Court granting defendant, Keyes Associates International, Inc.'s motion for summary judgment. At issue in this appeal was whether the provisions of General Laws 1956 (1985 Reenactment) § 9–1–29 was applicable.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown. The plaintiff had brought suit in 1990 against the defendant who had provided architectural and engineering services for the construction of South Shore Pumping Station in South Kingstown for injury and death suffered by her husband as a result of the mechanical failure of that pumping station in 1987. The ten year limitation provided in § 9–1–29 is a bar to this action.

Therefore, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.